■ THOMAS NEFF et al. v. PARTY TYME PRODUCTS, INC.— Appeal withdrawn with prejudice and without costs to either party. Concur — Botein, P. J., Tilzer, Rabin, McNally and McGivern, JJ.

■ In the Matter of I.H.P. CORP. v. NEW YORK STATE LIQUOR AUTHORITY. — Motion to dismiss proceeding granted, with $10 costs. Concur — Botein, P. J., Stevens, Eager, Steuer and McNally, JJ.

■ BERLITZ PUBLICATIONS, INC., et al. v. CHARLES F. BERLITZ et al.— Motion granted only to the extent provided in the order to show cause, dated December 1, 1967, on condition that the appellants perfect their appeals for the February 1968 Term of this court and on the further condition that they post an undertaking in the sum of $25,000, within 10 days after the entry of the order herein, to pay the defendants all damages and costs which they may sustain by reason of this preliminary injunction in the event that this court affirms the order entered on November 21, 1967, denying plaintiffs' application for a preliminary injunction. Concur — Botein, P. J., Tilzer, Rabin, McNally and McGivern, JJ.

## (December 19, 1967)

■ In the Matter of the Estate of WILLIAM MEYER, Deceased. PAUL D. SEGHERS, as Ancillary Executor of WILLIAM MEYER, Deceased, Appellant; GERTRUDE C. POTTERS, Respondent.— Decree unanimously affirmed, without prejudice to a proper application for ancillary letters, stating all the facts and circumstances as to any adjudication of incompetency or purported, claimed change of domicile. $30 costs with disbursements to all parties filing briefs payable out of the estate. Concur — Stevens, J. P., Capozzoli, Tilzer, McNally and McGivern, JJ.

■ MYRON E. BARNETT, Respondent, v. EDWARD FERGUSON, Appellant.— Order, entered on July 7, 1967, granting plaintiff's motion for a further examination before trial of defendant, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs or disbursements, and motion denied. Plaintiff examined defendant on July 15, 1965, and served and filed a statement of readiness on February 24, 1966. No special, unusual or extraordinary circumstances have been shown so as to justify relaxation of the court rule prohibiting disclosure proceedings after the action was placed on the Trial Calendar (Price v. Brody, 7 A D 2d 204), and it is immaterial that the examination of defendant was incomplete at the time that the readiness statement was served and filed. (Pioneer Jewelry Corp. v. All Continent Corp., 24 A D 2d 436.) Moreover, the record demonstrates that plaintiff was guilty of "inexcusable laches" in seeking a further examination (Mallin v. Kossin, 25 A D 2d 509). Order entered June 23, 1967, unanimosuly affirmed without costs or disbursements. No opinion. Concur — Stevens, J. P., Capozzoli, Tilzer, McNally and McGivern, JJ.