PAUL D. D'ANGELO, an Infant, by His Guardian ad Litem MILDRED D'ANGELO, et al., Respondents, *v.* RAYMOND GODDARD et al., Doing Business as KARL MOTOR SALES, et al., Appellants.

Third Department, March 11, 1968.

*Ainsworth, Sullivan, Tracy & Knauf (Robert K. Ruslander* of counsel), for appellants.

*Carter & Conboy (James M. Conboy* of counsel), for respondents.

GABRIELLI, J. This is an appeal from an order of the Supreme Court at Special Term entered in Rensselaer County which denied the appellants' motion for a protective order.

The action brought on behalf of the infant plaintiff charges negligent operation of the defendants' automobile when it struck the infant while he was a pedestrian on a sidewalk and the defendants' vehicle was being driven across the sidewalk

to an area near their garage. The other action is brought by the infant's father in his derivative capacity. At the time of the occurrence, the infant plaintiff was seven years of age and it is alleged that he sustained, among other injuries, a fractured skull and fractures of the right tibia and fibula.

Within a short time after present counsel for the plaintiffs were substituted, they served a notice to conduct an examination before trial of the defendants, none having theretofore been had. The defendants then moved for a protective order asserting that such a procedure was in violation of the intent and purpose of the rule promulgated for the regulation of calendar practice (Special Rule Regarding Calendar Practice, Appellate Division, 3d Dept.) in that a note of issue and statement of readiness had been previously filed by plaintiffs, thus claiming that they had waived all rights to any pretrial procedures.

The rigid enforcement of the Special Rule is to be encouraged in order to relieve calendar congestion and to foster the orderly disposition and processing of litigated matters. However, while we recognize the sound basis for the rule and the reasoning therefor as laid down in *Liberty Dressing Co.* v. *Foster Sportswear Co.* (14 A D 2d 196); *Cerrone* v. *S'Doia* (11 A D 2d 350); *Fierro* v. *Del Gaudio* (14 A D 2d 816) and in other similar holdings, that the filing of a note of issue and statement of readiness by any party will constitute a waiver of any further pretrial procedures, the rule may be relaxed in the sound discretion of the court, when special, unusual or extraordinary circumstances exist. The circumstances of this infant's action parallel those in *Farrell* v. *Reed* (16 A D 2d 709) in which we held that Special Term " was warranted in finding in the nature and circumstances of this wrongful death action, in which the facts of the accident are solely within defendant's knowledge, sufficient grounds to relax the rigid enforcement of the special rule and we may not disturb this reasonable exercise of the court's discretion."

Among other cases, appellants have brought to our attention the case of *Price* v. *Brody* (7 A D 2d 204) which sustained the waiver principle advanced by appellants. We would observe, however, that in *Price* the court stated (p. 206) that " Present special, unusual or extraordinary circumstances, spelled out factually, the court has discretion to depart from this interpretation of the rule. In all cases involving this rule, however, the judicial discretion to be exercised should be discreet, circumspect, prudent and cautious, and no party should be relieved of compliance with its provisions unless it clearly appears that the interests of justice require it."

In affirming Special Term's denial of a protective order, we in no way detract from the stated position that generally the Readiness Rule must be strictly enforced, but the situation here presented is such that the allowance of an examination before trial of the defendants will do no violence to the rule and its purpose. (*Van Blarcom v. Rogers*, 11 A D 2d 678, 679.)

The order should be affirmed, with costs.

GIBSON, P. J., HERLIHY, REYNOLDS and AULISI, JJ., concur.

Order affirmed, with costs.