■ JOSEPH M. WAHRHAFTIG et al., Appellants, v. SPACE DESIGN GROUP, INC., et al., Respondents.— COOKE, J. Appeal from an order of the Supreme Court at Trial Term, entered October 1, 1969 in Sullivan County, which directed that appellants submit to an examination before trial and that the actions as consolidated remain upon the trial calendar. These four actions, finally consolidated by virtue of an order entered July 29, 1968, arise out of architectural work performed by Blech & Goldfarb, a partnership, and interior decorating done by The Space Design Group, Inc., in connection with the erection of a restaurant and cocktail lounge on premises allegedly of appellants at Monticello. In the action by Space Design against appellants, pending in New York County before consolidation, an order was entered on December 12, 1966 granting leave to examine appellants, the examination to be in New York County unless the action was removed to Sullivan County by virtue of a motion then pending for the consolidation of said New York County action and another pending in Sullivan County. Said two actions were consolidated by virtue of an order entered January 4, 1967 but the ordered examination was never conducted. Depositions of appellants were taken in 1966 and 1968 in the two actions between appellants and Blech & Goldfarb, originally without notice to Space Design and in which Space Design did not participate. Efforts were made by respondents' attorneys to secure transcripts of the 1966 examinations but they were not received until March 25, 1969. On March 14, 1969 counsel for Blech & Goldfarb filed a note of issue and statement of readiness, reciting that all preliminary procedures in the actions between appellants and Blech & Goldfarb had been completed. Space Design followed on March 31, 1969 with the instant motion to examine appellants, with production of the things as specified in the New York County order and, alternatively, that the consolidated action be removed from, or remain on, the calendar. The supervision of disclosure is vested in the court in which the action is pending (*Smith* v. *Victory Container Corp.*, 30 A D 2d 581), CPLR 3103 (subd. [a]) having been designed to give the court broad discretion and powers to prevent the occasional abuse which may arise in a system of liberal disclosure (*Frey* v. *First Nat. Bank of Fleischmanns*, 21 A D 2d 709, 710; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3103.01). The rigid enforcement of the statement of readiness rule (22 NYCRR 861.10) is to be encouraged (cf. *Collins* v. *Jamestown Mut. Ins. Co.*, 32 A D 2d 725, 726) in order to relieve calendar congestion and to foster the orderly disposition and processing of litigated matters and, while it will not be departed from in the absence of a showing of special, unusual or extra-

ordinary circumstances warranting the exercise of the court's discretion (*D'Angelo* v. *Goddard,* 29 A D 2d 333; *Jacobs* v. *Peress,* 23 A D 2d 483), upon a presentation of unusual and unanticipated conditions, which courts are reluctant to find, a court may permit a party to use disclosure devices even after a statement of readiness has been filed (*Shea* v. *Pellicano,* 29 A D 2d 840; *Pioneer Jewelry Corp.* v. *All Continent Corp.,* 24 A D 2d 436; *McGuire* v. *Pick,* 8 A D 2d 800, 801; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3402.12). The discretion of Special Term should not be disturbed since: examinations before trial of appellants had been taken in two of the actions without notice to respondents; respondent Space Design had been granted leave to take appellants' depositions by the New York County order prior to consolidation but appellants never submitted to same, although there was a dispute as to the situs of examination; the note of issue and statement of readiness were filed by Blech & Goldfarb who were not parties to the actions between appellants and respondent; the conduct of the examinations as ordered would not delay the trial; and no prejudice has been demonstrated by appellants. There were multiple actions, various motions pending at different times and even three previous appeals. The Justice presiding at Trial Term is entrusted with wide discretion in control of the calendar (see *Galante* v. *Cohen's Quality Bakery,* 31 A D 2d 997; *Cohn* v. *Borchard Affiliations,* 30 A D 2d 74, 75). It appears that this item of litigation will not be reached for trial for some time and, if the note of issue is stricken, the time will be prolonged considerably. Special Term ordered that the scope of the examination be in accord with that enunciated in the earlier New York County order and that the case remain on the calendar on condition that appellants submit to examination as directed. Under all circumstances, the order can stand without doing violence to the rule (cf. *Web Transmissions* v. *Jetro Automatic Transmission,* 20 A D 2d 902; *Van Blarcom* v. *Rogers,* 11 A D 2d 678). The waiver rule is not applicable here since respondent made a timely motion after the case was noticed for trial (cf. *Mazzara* v. *Town of Pittsford,* 30 A D 2d 634; *Andersen* v. *Buffalo Tr. Co.,* 23 A D 2d 813; *Price* v. *Brody,* 7 A D 2d 204). The grant of three days for the examinations, apparently intended as an outside limit for completion, was within the proper exercise of the trial court's discretion (cf. CPLR 3103, subd. [a]; *Marine Midland Nat. Bank of Troy* v. *Houston,* 30 A D 2d 610). Order affirmed, with costs. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Cooke, J.