■ 68 FIFTH AVE. REST. INC., Respondent, v. 59 FIFTH RESTAURANT CORP., Appellant.— In this action to recover the $7,500 down payment made by plaintiff upon a contract to purchase a restaurant from defendant, defendant appeals from an order of the Supreme Court, Nassau County, dated January 28, 1971, which denied its motion to vacate plaintiff's statement of readiness and to strike the action from the Trial Calendar. Order modified, as a matter of discretion and in the interests of justice, so as to add thereto a decretal provision that the denial of defendant's motion is without prejudice to such motion as defendant might be advised to make at Trial Term to direct plaintiff to submit to an examination before trial concerning plaintiff's attempts, if any, to obtain a liquor license for the restaurant. As so modified, order affirmed, without costs. Such motion for examination of plaintiff, if made, must be made within 20 days after the date of the order to be entered hereon. The sale of. the restaurant was conditioned on plaintiff's ability to obtain a restaurant liquor license from the State Liquor Authority on or before November 6, 1969. Plaintiff did not procure the license and demanded the return of its down payment. Defendant denied that plaintiff had duly performed its obligations under the contract and, further, it has interposed a counterclaim for damages sustained by it as a result of such alleged breach of contract by plaintiff. Issue was joined by the service of plaintiff's reply to that counterclaim on July 2, 1970. Thereafter, plaintiff moved for summary judgment. That motion was denied by an order dated November 17, 1970 in which order the Special Term found, in effect, that the issue concerning plaintiff's good faith in applying for the liquor license constituted a matter, the factual foundation of which is within the exclusive knowledge of plaintiff, thus precluding a summary disposition, and that a development of the factual pattern of that issue would best be accomplished by an examination of plaintiff before trial. No appeal was taken from that order. Rather, plaintiff, on December 30, 1970, acquiesced that a plenary trial should be had. On that day plaintiff undertook to place the case on the trial calendar by serving a statement of readiness and note of issue. In our opinion plaintiff was justified in stating, in its statement of readiness, that defendant had had a reasonable time prior thereto to conduct an examination of plaintiff before trial. Nevertheless, in the light of the special circumstances in this case, namely, that the facts pertaining to plaintiff's attempts to procure a liquor license for the restaurant are peculiarly, if not exclusively, within plaintiff's knowledge, it is our further opinion that the order under review should be modified to permit defendant expeditiously to seek an examination before trial of plaintiff on the above-mentioned issue (cf. *Amkraut v. Ronaoke Garment Co.,* 5 A D 2d 863; *Farrell* v.

*Reed,* 16 A D 2d 709; *Kane* v. *Bressner Colovision Corp.,* 30 A D 2d 689; *Wahrhaftig* v. *Space Design Group,* 33 A D 2d 953). Hopkins, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.