### (March 26, 1973)

■ HELEN ALTMAN et al., Respondents, v. EMBASSY COOPERATIVE, INC., Appellant. — In a negligence action to recover damages for personal injuries, medical expenses and loss of services, the appeal is from an order of the Supreme Court, Queens County, dated June 27, 1972, which (1) denied defendant's motion to dismiss the complaint for lack of prosecution and (2) granted plaintiffs' cross motion to remove the case from said court to the Civil Court of the City of New York. Order reversed, without costs; defendant's motion granted unconditionally and complaint dismissed; and cross motion of plaintiffs dismissed as academic. Pursuant to CPLR 3216, as amended, defendant duly served upon plaintiffs' attorney a notice demanding that plaintiffs, within 45 days, file a note of issue. Plaintiffs failed to comply with the demand. In our opinion, the excuses offered by plaintiffs did not justify the delay in prosecuting the action (*Arvanitakis* v. *Realty Equities — 1961 Corp.*, 26 A D 2d 825; *Passalacqua* v. *County Estates*, 24 A D 2d 497). The inadequacy of those excuses, combined with the conclusory affidavit of merits submitted by the injured plaintiff's husband, who does not allege any personal knowledge of the facts of the alleged accident, entitled defendant to an unconditional dismissal of the complaint (*Keating* v. *Smith*, 20 A D 2d 141; *Sortino* v. *Fisher*, 20 A D 2d 25). Rabin, P. J., Hopkins, Munder, Martuscello and Shapiro, JJ., concur.

■ LOIS M. BLANKET, Respondent, v. BRUCE R. BLANKET, Appellant. — In an action *inter alia* for separation, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County, dated October 20, 1972, as, (1) on plaintiff's motion, directed defendant to pay (a) alimony *pendente lite* of $100 per week, (b) $60 per week for support of the two minor children of the marriage, (c) the rental and utility charges (exclusive of telephone service) for the marital residence and (d) $1,000 as plaintiff's counsel fees, with leave to plaintiff to apply to the trial court for an additional fee, if warranted, and (2) denied the branch of defendant's cross motion which was for a trial preference. Order affirmed insofar as appealed from, with $20 costs and disbursements. We have repeatedly held that the remedy for seeming inequities in a temporary order for the payment of alimony and support based upon conflicting affidavits is a speedy trial. The facts as to finances and standard of living can best be developed at that time (*Bogut* v. *Bogut*, 38 A D 2d 829; *Tobias* v. *Tobias*, 36 A D 2d 643). Munder, Acting P. J., Martuscello, Latham, Gulotta and Brennan, JJ., concur.