■ EARLE N. COOPER, as Executor of BEATRICE M. HOTALING, Deceased, Respondent, v DONALD J. SWALLOW et al., Appellants.—Appeal from an order of the Supreme Court, entered January 19, 1976 in Albany County, which granted a motion by plaintiff to compel an examination before trial of defendant Donald J. Swallow. This is an appeal from an order allowing an examination before trial of one of the defendants more than one year after a Trial Term note of issue and statement of readiness had been filed by plaintiff (22 NYCRR 861.10). Although as a general rule the statement of readiness rule should be rigidly enforced *(Wahrhaftig v Space Design Group,* 33 AD2d 953), in a case such as the instant wrongful death action, in which the facts are peculiarly within the opposing party's knowledge, a court is justified in exercising its discretion and relaxing the rigid enforcement of the rule *(Farrell v Reed,* 16 AD2d 709; see, also, *68 Fifth Ave. Rest. v 59 Fifth Rest. Corp.,* 37 AD2d 780; *D'Angelo v Goddard,* 29 AD2d 333). We should not disturb such an exercise of discretion by the trial court in this case. Order affirmed, without costs. Koreman, P. J., Greenblott, Kane, Larkin and Herlihy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALTON O, Appellant.—Appeal from a judgment of the County Court of Delaware County, rendered April 26, 1976, which adjudged defendant a youthful offender. After indictment and prior to trial, defendant moved to suppress certain statements allegedly made by him to a New York State law enforcement officer. The motion was denied. Thereafter defendant pleaded guilty to the crimes of attempted arson in the third degree and conspiracy in the second degree. He was afforded youthful offender treatment. Concededly, defendant was not informed of his *Miranda* rights when he signed the statement. The record demonstrates, however, that the officers subsequently gave defendant his full *Miranda* warning and afforded him an opportunity to retract the statement. The issues for our determination on this appeal are whether defendant voluntarily reaffirmed the statement after being given his *Miranda* rights and whether the initial statement so "tainted" any subsequent statements as to preclude a finding they were voluntarily made. Considering the record in its entirety, we answer the first issue in the affirmative (see *People v Tanner,* 30 NY2d 102), and the second in the negative. Consequently, the motion to suppress was properly denied. Judgment affirmed. Greenblott, J. P., Sweeney, Main, Larkin and Herlihy, JJ., concur.