■ ELLEN HURLEY, Appellant, v JAMES DOUGHERTY et al., Respondents, et al., Defendants.—Appeal from an order of the Supreme Court at Special Term, entered April 30, 1976 in Albany County, which granted a motion by defendants Dougherty and Macomber to dismiss the complaint as to them for want of prosecution. Plaintiff appeals from an order which dismissed the complaint as to two defendants because of her failure to serve and file a note of issue in compliance with a 45-day demand served under CPLR 3216. This action was commenced and issue was joined in 1972. A 45-day demand to resume prosecution of the action was served upon plaintiff's attorneys on April 24, 1975. There was no response until March 25, 1976. The sole excuse offered as justification for the 11-month delay is that it was caused by the failure of the respondents to submit to an examination before trial. As noted by Special Term: "The fact that pre-trial proceedings are pending is not a justifiable excuse for not prosecuting an action. *(Harman v. Grabowetsky,* 21 A D 2d 862, app. dsmd. 14 N Y 2d 957; *Sortino v. Fisher,* 20 A D 2d 25.) This is particularly so where, as here, the plaintiff has had an ample opportunity within which to bring a motion under CPLR 3124 or 3126". We cannot say that Special Term abused its discretion in granting the instant motion to dismiss and, accordingly, the order should be affirmed *(Milligan v Hycel Realty Corp.,* 14 NY2d 581; *Scheckter v State of New York,* 33 AD2d 1075). Order affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Larkin and Herlihy, JJ., concur.