■ BEAN BROTHERS, INC., et al., Appellants, v HERBERT ECKERT, JR., et al., Defendants, and FIRST NATIONAL BANK OF HAMDEN, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered August 10, 1976 in Broome County, which granted defendant bank's motion to strike plaintiffs' note of issue and dismiss the action for failure to prosecute. Plaintiffs commenced the action in September, 1973. The answer was served in October, 1973. In August, 1975 the defendant bank moved to dismiss the action for failure to state a cause of action and want of prosecution. The action of the individual plaintiffs was dismissed on the first ground but dismissal of the corporate action was denied because of defendant bank's failure to serve a 45-day notice as required by CPLR 3216. Thereafter, the bank served the 3216 notice on January 16, 1976. Forty-three days later, on March 2, 1976, the corporate plaintiff served and filed a note of issue with statement of readiness wherein it was recited that an examination before trial of defendant was scheduled for March 24, 1976. A notice to take a deposition was served simultaneously on the defendant. The defendant bank moved to strike the corporate plaintiff's note of issue and to dismiss the complaint for want of prosecution. Special Term held the note of issue with "statement of readiness" failed to comply with the Third Department rule (22 NYCRR 861.10 [a]), "was a sham on its face" and struck it. The court also dismissed the corporate action because the plaintiff failed to submit either an affidavit of merits or a justifiable excuse for delay. This appeal ensued. This Department's rule (22 NYCRR 861.10 [a]) requires that a note of issue's statement of readiness must state that all preliminary proceedings have been completed, or are not intended and "that the case is ready for trial". We have stated that the statement of readiness rule must be strictly enforced (Didziulis v Callanan Ind., 52 AD2d 669; Cassidy v Kolonsky, 37 AD2d 880; D'Angelo v Goddard, 29 AD2d 333). This rule, however, is not inflexible and may be relaxed when special, unusual or extraordinary circumstances exist (D'Angelo v Goddard, supra; cf. Wahrhaftig v Space Design Group, 33 AD2d 953). No such circumstances exist herein. Next, the corporate plaintiff's failure to allege a justifiable excuse for delay and to assert that it has a good and meritorious cause of action (CPLR 3216, subd [e]) compelled the dismissal of the action (Hurley v Dougherty, 56 AD2d 974; Semprevivo v Wormuth, 49 AD2d 993; Altman v Embassy Coop., 41 AD2d 767). Order affirmed, without costs. Kane, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.