■ SANDRA A. HAVILAND, an Infant by STANLEY R. HAVILAND, Her Parent and Natural Guardian, et al., Respondents, v MARY M. SMITH et al., Defendants, and TOWN OF PITTSTOWN, Appellant. (And Another Action.) — Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered October 31, 1983 in Rensselaer County, which denied defendant Town of Pittstown's motion for an order authorizing discovery and inspection of certain documents in the possession of a nonparty witness. ¶ On July 25, 1977, Sandra Haviland, then 14 years of age, was injured while a passenger on a trail bike operated by her brother, Ricky Haviland, when the trail bike collided with another motor vehicle operated by Mary Smith on Anders Road in the Town of Pittstown, Rensselaer County. Separate actions on behalf of the infants were thereafter commenced to recover money damages for personal injuries against Smith and the Town of Pittstown for their negligence in causing said accident. Ricky Haviland was also named as a defendant in his sister's action. ¶ During a deposition of Sandra Haviland, it was revealed that she recovered $10,000

under the uninsured motorist provisions of her father's insurance policy with Merchants Insurance Group. A note of issue, with a completed statement of readiness, was subsequently filed on February 25, 1983. Five months thereafter, defendant town moved for an order compelling Merchants Insurance Group to permit it to examine and copy the arbitration file pertaining to the claim of Sandra Haviland. The motion was opposed as untimely under the calendar rules of the Appellate Division, Third Department. Special Term denied the motion in the exercise of its discretion. This appeal followed. ¶ There should be an affirmance. It has long been the rule in this department that the statement of readiness rule will be rigidly enforced absent a showing of special, unusual or extraordinary circumstances warranting the exercise of the court's discretion (*Wahrhaftig v Space Design Group,* 33 AD2d 953). Special Term made no such finding and on this record we cannot say that Special Term abused its discretion. The moving party's affidavits were conclusory and failed to detail the efforts it made to secure the file and to explain the reason for its delay (see *Finn v Crystal Beach Tr. Co.,* 55 AD2d 1001; *Belski v New York Cent. R. R.,* 38 AD2d 882; *Edwards Corp. v Romas,* 36 AD2d 789; *Barnett v Ferguson,* 29 AD2d 525). ¶ Order affirmed, with costs. Kane, J. P., Main, Yesawich, Jr., and Harvey, JJ., concur.