■ MLB INDUSTRIES, INC., Respondent, v R. FREEDMAN & SON, INC., Appellant. — Appeal from an order of the Supreme Court at Special Term (Cobb, J.), entered August 8, 1983 in Albany County, which denied defendant's motion to compel further pretrial discovery or, in the alternative, to strike the note of issue. ¶ In the underlying lawsuit, plaintiff seeks foreclosure of a mechanic's lien, damages for breach of contract, recovery on an account stated and *quantum meruit,* all emanating from a contract to construct a foundation and install certain equipment. Following an order requiring compliance with plaintiff's discovery notice, defendant was deposed and, instead of continuing deposition of plaintiff pursuant to its cross notice, defendant adjourned and never commenced examination of plaintiff. Defendant's motion to strike the note of issue and for preclusion for failure to serve a bill of particulars was denied in an order dated December 3, 1982 on the ground that the bill of particulars had since been received and that failure to complete depositions was attributable to defendant. That order was not appealed, nor was leave to reargue or renew ever sought. Instead, on March 8, 1983, defendant made the instant motion for further discovery or, alternatively, to strike the note of issue. Special Term's denial of this motion was based upon defendant's failure to have appealed from, or seek renewal or reargument of, the prior order, and its failure to demonstrate the development of unusual or unanticipated circumstances subsequent to the filing of the note of issue. This appeal by defendant ensued and, for the reasons stated, we affirm. ¶ There is no question that defendant's prior motion resulting in the order of December 3, 1982 sought to strike the note of issue because discovery had not been completed. Nor is there any question that defendant failed to file a notice of appeal from said order. Although defendant's instant notice of motion sought an order "to compel further discovery or, in the alternative, striking the note of issue", the wording cannot circumvent the obvious intent to avoid the dire consequence of its failure to appeal the earlier order which had become the law of the case. This doctrine "is a rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned" (*Martin v City of Cohoes,* 37 NY2d 162, 165; *Metropolitan Package Store Assn. v Koch,* 89 AD2d 317, 321, app dsmd 58 NY2d 1112). Therefore, Special Term correctly refused to reconsider striking the note of issue. ¶ Defendant urges that discovery should be permitted despite the filing of a note of issue and statement of readiness upon its presentation of "unusual and unanticipated conditions", relying upon *Wahrhaftig v Space Design Group* (33 AD2d 953) and cases cited therein (see 22 NYCRR 103.4). From this record, we find that defendant has failed to establish circumstances and conditions subsequent to the filing of the note of issue so unusual as to warrant invocation of the rule. Defendant's reliance upon a purported agreement to permit further discovery notwithstanding the filed note of issue and statement of readiness may not be employed to circumvent the rule (*Watts v Town of Gardiner,* 90 AD2d 615, 616; *Niagara Falls Urban Renewal Agency v Pomeroy Real Estate Corp.,* 74 AD2d 734, app dsmd 50 NY2d 842). ¶ Order affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.