■ RICHARD SPINOSA, Appellant, v HARTFORD FIRE INSURANCE COMPANY, Respondent, et al., Defendant.—Weiss, J. Appeal from an order of the Supreme Court at Special Term (Torraca, J.), entered June 25, 1984 in Albany County, which denied plaintiff's motion to compel further discovery against defendant Hartford Fire Insurance Company.

The underlying facts are found in our earlier decision which reinstated the second cause of action as against Hartford Fire Insurance Company *(Spinosa v Hartford Fire Ins. Co.,* 90 AD2d 574). Subsequent to our decision, and without withdrawal of the note of issue and statement of readiness which had been filed on March 26, 1982, the parties commenced discovery proceedings. Both plaintiff and his attorney were examined on March 2, 1983. Thomas Devine, a claims supervisor for Hartford, was deposed in January 1984. In February 1984, plaintiff's attorney examined Hartford's records pursuant to a notice of discovery and inspection, and also deposed a nonparty witness. Throughout this period, the case had been listed on the standards and goals calendar of Supreme Court, Albany County. A day certain for trial was scheduled for March 26, 1984, but was adjourned to April 23, 1984. In the interim, on April 2, 1984, plaintiff served a notice of deposition seeking further examination of both Hartford and defen-

dant Town of Bethlehem. By letter dated April 4, 1984, Hartford refused to allow further depositions. Plaintiff's motion to compel Hartford to comply with the notice of deposition was denied for lack of a demonstration of extenuating circumstances, giving rise to this appeal.

There should be an affirmance. As a general premise, trial courts are vested with broad discretion in supervising disclosure (see, Nitz v Prudential-Bache Sec., 102 AD2d 914, 915). Once a statement of readiness is filed, further disclosure may be directed only upon a factual showing of special, unusual or extraordinary circumstances (22 NYCRR 861.10; see, Haviland v Smith, 101 AD2d 626, 627; Bean Bros. v Eckert, 57 AD2d 670, lv denied 42 NY2d 807; Wahrhaftig v Space Design Group, 33 AD2d 953). Plaintiff urges that the foregoing rule has no application here inasmuch as the parties' attorneys orally consented to continued disclosure following this court's earlier decision. Hartford does not dispute this agreement, but emphasizes that it did not consent to unlimited, repetitious disclosure. While the record does show that extensive discovery was conducted during this period, it is well settled that the parties may not circumvent the statement of readiness rule by private agreement (see, MLB Indus. v Freedman & Son, 102 AD2d 928; Niagara Falls Urban Renewal Agency v Pomeroy Real Estate Corp., 74 AD2d 734, appeal dismissed 50 NY2d 842; Doll v Kleinklaus, 66 AD2d 1003, 1004). Moreover, plaintiff has failed to factually justify his request for discretionary relief. There is no dispute that plaintiff was allowed to depose Hartford's representative and examine its records. The assertion that Devine's examination disclosed information necessitating further disclosure is conclusory at best. As plaintiff concedes in his brief, the record, to which we are bound, fails to disclose the nature of this information. Nor is there any factual basis for the contention that another Hartford employee made the actual determination to disclaim coverage to plaintiff in the underlying action, or that Devine was unable to testify concerning the disclaimer decision. Any ostensible "off-the-record" agreement to allow further examination is not dispositive (see, MLB Indus. v Freedman & Son, supra). Under the circumstances, Special Term did not abuse its discretion in refusing to compel further disclosure.

Order affirmed, without costs. Main, J. P., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.