■ Scott M. Boisvert, Respondent, v Town of Grafton et al., Appellants.—Harvey, J. Appeal from an amended order of the Supreme Court (McDermott, J.), entered September 17, 1986 in Rensselaer County, which denied defendants' motions for summary judgment dismissing the complaint.

On Friday, July 9, 1982, plaintiff was injured in a motorcycle accident on State Route 2 in the Town of Grafton, Rensselaer County. Plaintiff sued the Town and County asserting the ubiquitous allegation of motorcyclists that gravel on the road caused the accident. Plaintiff alleged that a Town truck had negligently spilled the gravel on the highway the day of the accident. Defendants asserted that employees of the Town Highway Department did not work on Fridays and thus it could not have been a Town truck which spilled the gravel on the date of the accident. Based on this assertion, defendants moved for summary judgment dismissing the complaint in December 1983. The motion was denied as premature since no discovery had taken place. A later motion for summary judgment was also denied without prejudice on the ground that an issue of fact existed in that plaintiff had a signed statement from an eyewitness claiming that he saw gravel spilling from a Town truck on the date of plaintiff's accident. However, when questioned under oath at a deposition upon oral questions, plaintiff's witness admitted that he could not identify the truck which he purportedly saw spill gravel.

In May 1985, plaintiff filed a note of issue and a statement of readiness. Thereafter, defendants again moved for summary judgment dismissing the complaint on the ground that plaintiff had failed to offer any proof to refute the affidavit of the Town Highway Superintendent that the Town highway employees were not working on the day of the accident. The only ground asserted by plaintiff in opposition to the motion was that he needed further discovery. Supreme Court denied the summary judgment motion pursuant to CPLR 3212 (f) in order to allow plaintiff to conduct additional discovery. Defendants appeal.

We reverse. It is well established that once a statement of readiness is filed additional disclosure may only be directed upon a showing of special, unusual or extraordinary circumstances *(see, e.g., Spinosa v Hartford Fire Ins. Co.,* 114 AD2d 633, 634; *MLB Indus. v Freedman & Son,* 102 AD2d 928; 22 NYCRR former 861.10 [amended Jan. 6, 1986]; 22 NYCRR 202.21 [d]). Plaintiff's contention that a summary judgment motion made after the filing of a note of issue constitutes a per se special circumstance justifying further discovery is unpersuasive. Instead, the facts and procedure of the particular case must be considered.

Initially, we note that here the ground argued by defendants in support of their motion certainly could not have surprised plaintiff. Indeed, it was abundantly clear throughout this litigation that a key issue was whether plaintiff could produce any credible evidence linking defendants to the spilled gravel. Further, plaintiff had more than ample opportunity to obtain evidence supporting his allegation on this issue. Issue had been joined in this action (which does not involve any complex or novel issues of law or fact) nearly three years prior to defendants' demand that plaintiff file a note of issue. Faced with the demand, plaintiff failed to avail himself of the opportunity to conduct further discovery during the 90-day period for filing *(see,* CPLR 3216 [b]), nor did he indicate that additional time to file the note of issue was necessary *(see, Baxt v Cohen,* 96 AD2d 661; 22 NYCRR former 861.10; 22 NYCRR 202.21 [d]). It is evident that plaintiff was aware that he had failed to obtain any credible proof linking defendants to the spilled gravel. Yet, a note of issue and statement of readiness were filed vouching for the truthfulness and accuracy of the statement that discovery proceedings known to be necessary had been completed *(see,* 22 NYCRR former 861.10 [b]). We find no special, unusual or extraordinary circumstances in the facts at bar to allow plaintiff to again venture on a fishing expedition which has repeatedly proven fruitless.

Plaintiff's assertion that further discovery should be permitted because defendants allegedly had facts not available to him is meritless. This is not a case where plaintiff recently learned the information claimed to be within the control of defendants. Here, the existence of the purported facts was known by plaintiff well before he chose to file a note of issue. We further note that the relevance of any of the purported information is at best speculative.

Having concluded that no further discovery should be al-

lowed, we next consider whether summary judgment should have been granted. Review of the record reveals that plaintiff has failed to produce even a " 'shadowy semblance' " of a triable issue and thus summary judgment should have been granted (see, Capelin Assocs. v Globe Mfg. Corp., 34 NY2d 338, 341).

Order reversed, on the law, with costs, motions granted and complaint dismissed. Kane, J. P., Main, Weiss, Mikoll and Harvey, JJ., concur.