■ CARTHERINE Fox, an Infant, by Her Mother and Natural Guardian, DEBRA Fox, Respondent, v WYETH LABORATORIES, INC., et al., Appellants, et al., Defendants.—In an action, *inter alia,* to recover damages for personal injuries sounding in medical malpractice and products liability, the defendants, Wyeth Laboratories, Inc., and American Home Products Corp., appeal from an order of the Supreme Court, Kings County (Pizzuto, J.), dated June 16, 1986, which, after a note of issue and statement of readiness had been filed, granted the plaintiff's motion to remove the case from the Trial Calendar and permitted further discovery proceedings and examinations before trial.

Ordered that the order is modified, by adding a provision limiting further discovery to the production of the documents requested by the plaintiff concerning the manufacture, research and testing of the diptheria, tetanus and pertussis (hereinafter DPT) vaccine by the defendants Wyeth Laboratories, Inc., and American Home Products Corp., if those documents are available and to examinations before trial of their employees, limited in scope to those documents; as so modified, the order is affirmed, without costs or disbursements.

Under the circumstances of this case, including the tragic deaths of two partners of the firm representing the plaintiff in an airplane crash at a crucial time in the discovery proceedings, it was not an abuse of discretion for the Supreme Court, Kings County, to grant the plaintiff's motion to remove the case from the Trial Calendar and to permit further discovery (see, D'Angelo v Goddard, 29 AD2d 333, 334; Cooper v Swallow, 55 AD2d 752). In addition, we note that the defendants suffered no prejudice by the granting of the motion (see, Wahrhaftig v Space Design Group, 33 AD2d 953, 954). However, the language of the Supreme Court's order, which permits unlimited and unspecified further discovery, is overbroad and could result in reopening discovery anew and an unjustifiable delay of the trial. Accordingly, the order is modified to limit the scope of further discovery to the documents referred to in plaintiff's motion papers relating to the research, testing and manufacture of the DPT vaccine, if available, and to examinations before trial of the appellants' employees, limited in scope to those documents. The appellants should expeditiously produce those documents, if available, for inspection and copying by the plaintiff at a time and place convenient to all parties. Mollen, P. J., Bracken, Rubin, Kooper and Spatt, JJ., concur