■ JEFFREY B. COLE, Respondent, v RAPPAZZO ELECTRIC COMPANY, INC., et al., Defendants, and ZEP MANUFACTURING COMPANY, Appellant. [699 NYS2d 197] —Mugglin, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered April 24, 1999 in Albany County, which granted plaintiff's motion to, *inter alia*, compel discovery.

Plaintiff commenced this action against defendant Zep Manufacturing Company and others, alleging that he sustained personal injuries when he inhaled the fumes of Zep 45, an aerosol lubricant manufactured by Zep, while working as a field technician at the New York Telephone Building work site in the Town of Sand Lake, Rensselaer County. Of the four causes of action alleged in the complaint, three included Zep as a named defendant; one alleged negligence on the part of all defendants due to their use of Zep 45 at the work site, another alleged either strict product liability or the use of the product in a manner "for which it was not intended and/or in contravention of instructions and/or warnings", whereas the last alleged a breach of warranty solely by Zep.

By notice of discovery and inspection to all defendants dated October 29, 1993, plaintiff requested, *inter alia*, the following: "Material Safety Data Sheets for any of the chemicals or compounds used on said premises in the month of January, 1991"; the "ingredients lists for all chemicals or compounds

used at or around the premises * * * wherein the incident complained of in the complaint occurred"; and "[t]he brand names of any chemicals used at or around the premises". Zep responded to all three of the above requests on November 8, 1993 as follows: "We object as being overly broad and vague and advise that we do not know what chemicals or compounds were used at the New York Telephone Building in [the Town of Sand Lake], New York in the month of January, 1991."

Plaintiff never moved to compel a further response. However, Zep's November 1, 1993 response to the notice by defendant Walters Air Conditioning Company, Inc. for discovery and inspection had included the material safety data sheets for Zep 45. This response, including the sheets, was mailed to all counsel. Notably, under the "Hazardous Ingredients" section, it clearly indicates that there is a "proprietary, blended surfactant". Despite the fact that these data sheets were further identified and referred to during depositions, neither plaintiff nor its experts requested the confidential formula throughout the ensuing five years.

On March 9, 1998, plaintiff filed a note of issue and certificate of readiness. Thereafter, Zep moved for summary judgment and submitted, in support thereof, the affidavit of its toxicology expert who concluded that plaintiff's exposure to certain chemicals in Zep 45 could not have caused the injuries claimed. Finding such affidavit insufficient to establish Zep's entitlement to judgment as a matter of law and noting the submission of contrary expert affidavits by plaintiff, Supreme Court denied the motion.

Approximately three months later, plaintiff sought an order directing Zep to amend its discovery response and disclose, within 30 days under threat of preclusion, the confidential formula for Zep 45. Zep opposed the motion by contending that it properly responded to the specific discovery demands made of it since Zep, as a manufacturer, had no knowledge as to what chemicals were used in the subject work site. Zep maintained that it was never asked to produce the confidential formula at any time during discovery and that it never represented that it did not know the formula. It affirmatively asserted that plaintiff was on notice of the existence of a confidential formula for Zep 45 from as early as November 8, 1993 by its response to Walters' discovery requests. Hence, Zep contended that because plaintiff failed to specifically request the formula from Zep, object to Zep's responses to discovery, or move to compel a further response for five years prior to the filing of the note of issue and certificate of readiness, its applica-

tion was unsupported. Supreme Court, finding the information to be clearly and solely within the knowledge of Zep and concluding that no prejudice would inure if its disclosure was ordered, subsequent to the execution of a confidentiality agreement, allowed further discovery. Zep appeals.

Despite the long delay, we perceive no abuse of Supreme Court's broad discretionary power (*see, e.g., Hirschfeld v Hirschfeld*, 69 NY2d 842) to relax the rigid enforcement of 22 NYCRR 202.21 (d) and to compel additional discovery after the filing of the trial term note of issue.

We agree with Supreme Court's conclusion that, after the execution of a confidentiality agreement, the revelation of this formula in no way prejudices Zep but that, on the other hand, without knowledge of the formula, substantial prejudice results to plaintiff. Obviously, the formula is peculiarly within the knowledge of one party and that party has already sought summary judgment alleging that nothing in the product, Zep 45, was injurious to this plaintiff.

This Court has previously held that where "the facts are peculiarly within the opposing party's knowledge, a court is justified in exercising its discretion and relaxing the rigid enforcement of the rule" (*Cooper v Swallow*, 55 AD2d 752).

Additionally, we note that plaintiff moved to compel this disclosure in July 1998 and that the case was not scheduled for trial until May 3, 1999. Consequently, the additional disclosure directed by Supreme Court would not have delayed this trial.

Accordingly, we affirm Supreme Court's order finding that unusual circumstances require the requested additional disclosure.

Mikoll, J. P., Yesawich Jr. and Spain, JJ., concur.

Peters, J. (dissenting). I respectfully dissent. Established case law compels rigid adherence to the provisions of 22 NYCRR 202.21 (d) to "relieve calendar congestion and * * * foster the orderly disposition of and processing of litigated matters" (*Wahrhaftig v Space Design Group*, 33 AD2d 953) unless unusual or unanticipated circumstances are present (*see, Cooper v Swallow*, 55 AD2d 752; *Wahrhaftig v Space Design Group, supra*). I fail to find such circumstances here.

The request for additional pretrial proceedings was made approximately *five years* after defendant Zep Manufacturing Company's response to discovery. Plaintiff was keenly aware that the only relevant information which could be gleaned from Zep was its chemical composition and articulated use of the product Zep 45. After discovery was attempted by plaintiff and

rejected by Zep as overly broad and vague, no motions were made to compel further responses, despite plaintiff being provided with the material safety data sheets for Zep 45 which not only listed its chemical compounds but also noted the use of a confidential formula.

For almost five years plaintiff failed to recognize this deficiency. He then filed a note of issue and certificate of readiness. Upon these facts no " 'unusual or unanticipated circumstances' " supported the requested relief (*see, Simpson v K-Mart Corp.*, 245 AD2d 991, 992, *lv denied* 91 NY2d 813; *Welch v County of Clinton*, 203 AD2d 749; *S.A.B. Enters. v Village of Athens*, 178 AD2d 820; *Boisvert v Town of Grafton*, 131 AD2d 910). Believing that the majority's determination will now permit "law office failure" to constitute a sufficient basis to forestall the orderly processing of trial-ready matters, I would reverse the order of Supreme Court.

Ordered that the order is affirmed, with costs.