■ JEFFREY B. COLE, Respondent-Appellant, v RAPPAZZO ELECTRIC COMPANY, INC., et al., Appellants-Respondents, et al., Defendants. [700 NYS2d 277] —Peters, J. Cross appeals from an order of the Supreme Court (Ferradino, J.), entered September 25, 1998 in Albany County, which, *inter alia,* partially denied motions by defendants Rappazzo Electric Company, Inc. and New York Telephone Company for summary judgment dismissing the complaint against them.

Plaintiff, employed as a field technician for Northern Telecom, Inc., alleges that he was injured as a result of his inhalation of fumes while working on a renovation project at the central office switching facility owned by defendant New York Telephone Company (hereinafter NYTel).[1] In connection with such project, NYTel had retained defendant Rappazzo Electric Company, Inc. as the prime contractor. It subcontracted with defendant Walters Company Air Conditioning, Inc. who subcontracted the sheet metal and duct work to defendant B.U.D. Sheet Metal, Inc. Plaintiff contends that the fumes he

---

1. A related appeal arising from this litigation pertaining to defendant Zep Manufacturing Company was previously before us (*see, Cole v Rappazzo Elec. Co.,* 267 AD2d 550).

inhaled were caused by a B.U.D. employee's use of an aerosol lubricant sprayed on cheesecloth which was then used to cover the facility's duct vents on its ventilation system.

This action was thereafter commenced alleging causes of action in common-law negligence and strict products liability. Following joinder of issue, NYTel moved and Rappazzo cross-moved for, *inter alia*, summary judgment dismissing the complaint. Plaintiff opposed and, through a supplemental bill of particulars, alleged various new theories of liability including violations of Labor Law § 200.

Supreme Court granted the motion and cross motion for summary judgment, dismissing all claims except that alleging common-law negligence and a violation of Labor Law § 200.[2] It declined to address NYTel's argument, raised for the first time in its reply papers, that plaintiff's claims are barred under the exclusivity provisions of the Workers' Compensation Law. NYTel and Rappazzo appeal.[3]

To impose liability upon an owner or contractor for the failure to provide workers with a reasonably safe work site pursuant to Labor Law § 200 or common-law negligence principles, it must be established that such owner or contractor possessed the " '*authority to control the activity bringing about the injury to enable it to avoid* or correct an unsafe condition' " (*Rizzuto v Wenger Contr. Co.*, 91 NY2d 343, 352 [emphasis in original], quoting *Russin v Picciano & Son*, 54 NY2d 311, 317; *see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876) or had actual or constructive notice of the condition which caused the accident (*see, Jenkins v Jones*, 255 AD2d 805; *McGuire v Independent Cement Corp.*, 255 AD2d 646).

With plaintiff predicating liability based upon its assertion that NYTel exercised sufficient supervision and control over the work site, we find NYTel to have sustained its initial burden of demonstrating an entitlement to judgment as a matter of law (*see, Zuckerman v City of New York*, 49 NY2d 557). It proffered the contract between it and Rappazzo which evinced its delegation of supervisory authority to Rappazzo, who was required to be familiar with the procedures employed by B.U.D. Employees of B.U.D. conceded that NYTel never exercised any degree of supervision or control over them and that the decision to spray the lubricant on the cheesecloth was

---

**2.** Supreme Court also denied that portion which sought common-law indemnification, but neither NYTel nor Rappazzo appealed that portion of the decision.

**3.** Although plaintiff cross-appealed from Supreme Court's order, the appeal has been abandoned.

made solely by a B.U.D. employee. Hence, NYTel argued that since it, as the premises owner, exercised no supervisory control over the methods utilized by a subcontractor, no liability could be imposed predicated upon either common-law negligence or Labor Law § 200 principles (*see, Comes v New York State Elec. & Gas Corp., supra,* at 877).

The burden thus shifted to plaintiff to raise a triable issue of fact (*see, Zuckerman v City of New York, supra*). Viewing his evidence in a favorable light (*see, McGuire v Independent Cement Corp., supra*), even tempering plaintiff's own affidavit averring that he observed NYTel's project manager issuing directions to various workers at the site, the undisputed evidence indicates that NYTel continued to operate its switching operations during this project and that it was of critical importance to NYTel that there be no contamination of its equipment. On the day prior to the injury, NYTel's project manager learned that B.U.D. employees were drilling holes into the facility's duct work and that the metal shavings from the drilling were falling into NYTel equipment. At the project manager's direction, Rappazzo's field superintendent, Charles Rappazzo, was ordered to arrive at the facility and instruct B.U.D. employees on acceptable working methods. Affidavits from both a technician employed by Walters and the district manager for Northern Telecom supported plaintiff's contention that by virtue of NYTel's role in possessing authority to stop work, approve changes and field questions from subcontractors, it exercised control over this renovation project beyond merely insuring its compliance with plans and specifications (*see, Douglass v Rental Props.,* 248 AD2d 863; *see also, McGuire v Independent Cement Corp., supra; Samiani v New York State Elec. & Gas Corp.,* 199 AD2d 796; *compare, Jenkins v Jones,* 255 AD2d 805, *supra*).

As to Rappazzo's cross motion, we note that while it submitted evidence that its employees were outside B.U.D.'s supervisory chain of command and neither directed nor controlled its work, plaintiff again submitted sufficient evidence demonstrating the existence of a triable issue. Such proof consisted of the contractual authority delegated to Rappazzo to supervise the project, including daily presence of its on-site field superintendent responsible for enforcing safety measures. The record further disclosed that such superintendent had conducted safety meetings for Rappazzo's subcontractors, ultimately informing Walters that B.U.D. would not be allowed back to the site after the incident precipitating this action. Finally, it was shown that NYTel required it to give specific instructions to B.U.D.

employees not to drill holes into the duct work and permit metal shavings to fall into NYTel's equipment. Viewing this evidence in a light most favorable to plaintiff (*see, McGuire v Independent Cement Corp., supra*), we find a triable issue raised here as well; that Rappazzo might have exercised the requisite degree of control over B.U.D.'s work to warrant the imposition of liability pursuant to Labor Law § 200 or common-law negligence principles.

While NYTel's failure to raise the exclusivity of the Workers' Compensation Law as an affirmative defense did not serve to waive the issue (*see, Murray v City of New York*, 43 NY2d 400), we agree that it was not properly before Supreme Court in the absence of a motion to amend the answer. Upon such a motion, plaintiff would be accorded the opportunity to appropriately respond (*see*, CPLR 3025 [d]). Accordingly, we affirm Supreme Court's order.

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.