Fuld, J.
In October, 1959, Mrs. Lillian Conway made a written application to the plaintiff, Phoenix Mutual Life Insurance Company, for a $25,000 life insurance policy on her life and thereafter (on October 16) the insurance company issued such a policy. The insured died some nine months later, in July of 1960. Assertedly discovering that she had fraudulently misrepresented certain factsxm her application, the plaintiff on September 15,1960 notified the-4efendants, the beneficiaries named in the policy, that it “rescinded” the policy and tendered its check for the premiums paid.
The policy contained a clause providing that it was to be “ incontestable after it has been in force for a period of two years from its date of issue ”.
Thus, when the rescission letter (of September, 1960) was written, 11 of the 24 months allowed to contest the policy had already passed. The insurance company did nothing for six months. Then, in March of 1961, it notified its attorney to institute an action for rescission. He drafted the complaint, seeking rescission—on the ground of fraud and misrepresentation— tried for a month to effect service on the defendants and finally had them served on April 25, 1961. Thus, seven months had passed since the insurer had notified the defendants that it was treating the policy as void and more than 18 months had elapsed since the policy was issued.
*370 The defendants filed an answer in which, in addition to denying the allegations of the complaint, they interposed a counterclaim requesting that the court “ adjudge and declare ” the policy in question “a good, valid and subsisting policy”; that the court “ adjudge and declare” that the plaintiff “ is indebted ’ ’ to the defendants for $25,000; and that the defendants have judgment dismissing the complaint. To this counterclaim, the plaintiff filed a reply. Thereupon, the defendants moved (1) for a separate trial of the issues of fact raised by the counterclaim and the reply and (2) for a stay of the trial of plaintiff’s action until the determination by the jury of such issues. The plaintiff opposed the application. The court at Special Term granted the motion, ruling that since the defendants ‘1 are suing on the contract * * # they have a right to a trial by jury ’ ’. The Appellate Division, however, by a divided court, reversed the resulting order and granted leave to appeal upon a certified question which we read as posing a question of law, namely, whether the Appellate Division abused its direction. (See Kaufman v. Baker, 9 N Y 2d 771.)
Since the plaintiff brought an action in equity for rescission, an action unquestionably triable by a court without a jury, the defendants do not become entitled as a matter of law, constitutionally or otherwise, to a trial by jury. (See, e.g., Mackellar v. Rogers, 109 N. Y. 468; Manhattan Life Ins. Co. v. Hammerstein Opera Co., 184 App. Div. 440, 442.) Accordingly, the decision of the Appellate Division does not raise any constitutional issue and we proceed to consider whether that court abused its discretion. It is vested with the same power and discretion as the court at Special Term possesses, and it is not necessary, in order to justify the reversal, to demonstrate that Special Term abused its discretion. In other words, as we wrote in O’Connor v. Papertsian (309 N. Y. 465, 471-472), it matters not that the granting of an order ‘ ‘ would lie within the discretion of the trial court, for ‘ [m] atters of discretion are reviewable by the Appellate Division. Since that court is a branch of the Supreme Court, whenever discretion is vested in “ the supreme court ” it maybe exercised by the Appellate Division by way of a review of the action of Trial or Special Term, even though there has been no abuse of discretion by the lower branch of the court. ’ (9 Carmody-Wait on New York Practice, *371 § 137, p. 573, cases footnoted; Hogan v. Franken, 221 App. Div. 164.) ”
In the case before us, the Appellate Division placed its determination on two grounds: first, that the defendants’ failure to bring an action at law within the seven-month period after the plaintiff had notified them of its intention to rescind the policy “constituted a waiver of their right to a jury trial” and, second, that, under the circumstances presented, ‘ ‘ since the action for rescission was commenced first, it should be tried first. ’ ’
As a general proposition, the beneficiary of a life insurance policy is entitled to a trial by jury as a matter of right, but, it is clear, the beneficiary may lose such right by a resort to dilatory tactics. Here, the insurance company gave prompt notice — and it was about a year after the policy had been issued—that it was rescinding the policy and it then waited for seven months before actually bringing a suit to effect its rescission. The notice which the company gave served as a warning to the beneficiaries to begin action upon the policy if they desired a trial by jury. And, since no such action was instituted by the beneficiaries, the courts below would have been justified in concluding that they were seeking to outmaneuver the insurer and, consequently, the denial of a jury trial may not be held to be an abuse of discretion. (See American Life Ins. Co. v. Stewart, 300 U. S. 203, 215-216; cf. Beacon Theatres v. Westover, 359 U. S. 500.) In the Stewart case (300 U. S. 203), the insurer brought an action for rescission after the lapse of only six months from the time the policy was issued, at which point a year and a half still remained before the policy would become incontestable. The Supreme Court held that the suit in equity was fully warranted and it indicated that a court, in the exercise of its discretion, would have been justified in holding in abeyance the beneficiary’s later-brought action at law pending the outcome of the equity suit instituted by the insurer. In the course of its opinion, the court observed that “ There would be many circumstances to be weighed, as, for instance, the condition of the court calendar, whether the insurer had been precipitate or its adversaries dilatory, as well as other factors. In the end, benefit and hardship would have to be set off, the one against the other, and a balance ascertained” (p. 216).
*372 ■ Having in mind the sequence of events, the giving of notice by the insurer, the inaction on the part of the beneficiaries, the Appellate Division was fully warranted in refusing the defendants’ request for a jury trial of its counterclaim.
Adopting this view, it is not necessary to discuss the Appellate Division’s second ground for reaching the decision which it did—namely, that the insurance company’s action should be tried first because it was commenced first.
The order appealed from should be affirmed, with costs, and the question certified answered in the affirmative.
Chief Judge Desmond and Judges Dye, Fboessel, Van Voobhis, Bubke and Fostee concur.
Order affirmed, etc.