Abraham J. Gellinoff, J.
These are two motions: one to quash or modify subpoenas issued by the Attorney-General of New York State, and the other to compel compliance with the subpoenas. The subpoenas were issued pursuant to subdivision 12 of section 63 of the Executive Law, which reads in part: ‘1 whenever any person shall enagage in repeated fraudulent or illegal acts or otherwise demonstrate persistent fraud or illegality in the carrying on, conducting or transaction of business, the attorney-general may apply ’ ’ for injunctive and other relief. The .subdivision further provides that “ in connection with any such proposed application, the attorney general is authorized to take proof and make a determination of the relevant facts and to issue subpoenas in accordance with the civil practice law and rules ”.
*189 The subpoenaed firms contend that, under the wording of said statute, the Attorney-General may not issue the subpoenas authorized therein without a showing that there has actually been a repeated and persistent commission of fraudulent or illegal acts, and that the statute does not authorize the Attorney-General to investigate whether or not such acts were committed or to act upon mere suspicion or surmise.
This claim is without merit. Subdivision 12 does not contain any language which makes the Attorney-General’s authority to issue a subpoena dependent upon the prior existence of proof that repeated fraudulent or illegal acts had in fact been engaged in. On the contrary, the statute empowers the Attorney-General to “make a determination of the relevant facts” (subd. 12); and it is for the purpose of determining the relevant facts prior to applying for injunction or cancellation of a certificate that he is authorized to issue subpoenas.
The obvious purpose of the provision, empowering the Attorney-General to make an investigation and to issue subpoenas in connection therewith is to enable him to determine whether or not the prohibited acts have been committed, in order that he may decide whether an action for injunctive and other relief should be brought. To hold that, in order to issue subpoenas, as an aid in his investigation, the Attorney-General must first show the actual commission of repeated and persistent fraudulent and otherwise illegal acts, would defeat the clear and manifest intent of the statute. If the Attorney-General already possessed adequate proof of such persistent fraud, he would not need the subpoena power conferred upon him by the statute.
In Matter of Security Adv. Co. v. Lefkowits (20 A D 2d 860 [1st Dept.]), the respondent argued that the Attorney-General .must submit proof that it had engaged in persistent fraud or illegality to justify the upholding of his subpoena. The Attorney-General had merely submitted an affidavit that complaints had been received from unidentified members of the public. Although no other proof of the actual commission of fraudulent acts was presented, the court upheld the subpoena and reversed the order of the Special Term which had vacated it. In the case now before this court, the moving affidavit on the motion to compel compliance with the subpoena likewise states that complaints of various fraudulent practices had been received from members of the public, without, however, identifying the complainants. A similar showing was held sufficient in the Security Adv. case (supra). In addition, however, the Attorney-General has submitted in the present case two reply affidavits of one of its investigators which establish, prima facie at least, that the firms seeking vacatur of *190 the subpoenas have in fact been engaging in fraudulent practices. The showing in the ease at bar is therefore even stronger than that made in the case cited above.
In La Belle Creole Int. v. Attorney-General (10 N Y 2d 192), where a subpoena had also been issued pursuant to subdivision 12 of section 63 of the Executive Law, the Court of Appeals made it clear (p. 197) that the Attorney-General was empowered to issue subpoenas in aid of an “ investigation whose purpose was to ascertain whether or not [it] [the subpoenaed firm] was carrying on its affairs in compliance with the relevant provision of that statute ” (emphasis this court’s). It is clear from this language that proof of actual commission of repeated fraudulent acts is not a prerequisite to the valid issuance of a subpoena under the statute. There appears to be no merit in the contention that the statute, if construed as authorizing the Attorney-General to issue subpoenas in aid of an investigation aimed at ascertaining whether illegal acts had been committed, is unconstitutional. The cases cited are inconsistent with the validity of that contention. The Martin Act (section 352 et seq. of the former General Business Law) which has been upheld as constitutional, authorized the Attorney-General “ whenever it shall appear to the attorney-general ”, “ either upon complaint or otherwise ” that certain acts are being or are about to be committed to make an investigation and issue subpoenas in aid thereof. In Matter of Ottinger v. State Civ. Serv. Comm. (240 N. Y. 435, 439) the Court of Appeals, in an opinion by Judge 'Cakdozo said: “ In support of such an action [under the Martin Act] and almost upon mere request, he may have an examination before trial of parties or of witnesses ” (emphasis supplied). This language was quoted with approval in Matter of Attorney-General (Amer. Research Council) (10 N Y 2d 108, 111).
No challenge is made to the materiality and relevancy of the subpoenaed documents.
The claims that the subpoenas are arbitrary and oppressive and that they will cause financial loss and hardship and disrupture of business in order to comply with them, merit no discussion. They are overruled. If the Attorney-General’s demands should become oppressive, coercive, arbitrary or capricious — and there is no such showing here — the court has power to grant appropriate relief.
The references by the companies involved herein to the alleged commission of similar practices by a large competitor are irrelevant. Even if these charges as to another company be *191 true, there would be no justification for permitting the companies here involved to continue their own practices if they continue to defraud the public.
The motion to vacate or modify the subpoenas is denied, and the motion to compel compliance with them is granted.