Abraham J. Gellinoff, J.
Petitioners, a corporation engaged in the business of selling term papers to students, and its president, move to quash subpoenas duces tecum issued by respondent Attorney-General. Respondent cross-moves to compel compliance with the subpoenas.
As the result of several complaints received by respondent concerning the use by students of plagiarized term papers allegedly purchased from petitioners, and concerning stolen term papers allegedly traced to petitioners, respondent has launched an investigation pursuant to subdivision 12 of section 63 of the Executive Law. As part of its investigation, respondent issued the subpoenas now attacked, seeking most of the books and records of petitioners. It is here asserted by petitioner that the subpoenas are invalid, because respondent has failed to demonstrate, prior to issuing the subpoenas, that petitioners have perpetrated any fraud or violated any statute. Moreover, petitioners urge, the subpoenas as issued are over-broad.
Petitioners ’ first contention is devoid of merit. As this court has previously stated: “ The obvious purpose of the provision empowering the Attorney-General to make an investigation and to issue subpoenas in connection therewith is to enable him to determine whether or not the prohibited acts have been committed, in order that he may decide whether an action for injunctive and other relief should be brought. To hold that, in order to issue subpoenas, as an aid in his investigation, the Attorney-General must first show the actual commission of repeated and *331 persistent fraudulent and otherwise illegal acts, would defeat the clear and manifest intent of the statute. If the Attorney-General already possessed adequate proof of such persistent fraud, he would not need the subpoena power conferred upon him by the statute” (Matter of Prestige Sewing Stores of Queens v. Lefkowitz, 54 Misc 2d 188, 189; see, also, Matter of Security Adv. Co. v. Lefkowitz, 20 A D 2d 860; Matter of La Belle Creole Int. S. A., v. Attorney-General, 10 N Y 2d 192, 196). The papers submitted by respondent clearly demonstrate that the instant investigation is made in good faith. It is based, at least in part, on a complaint received from a college instructor to whom a student confessed obtaining a custom made term paper from petitioners, a report from an investigator who posed as a student and thereby obtained the services of petitioners, and from a student who traced to petitioners his own original term paper, which had been stolen. There are, plainly, adequate grounds supporting this investigation, and respondent may therefore subpoena the books and records of petitioners.
In the second branch of the petition, petitioners urge that the subpoenas issued are overbroad; they complain that respondent is requesting virtually all of their books and records. The law provides, however, that relevancy, and not quantity, is the test of the validity of a subpoena. For example, in Matter of Borden Co. (75 F. Supp. 857, 860) a subpoena was held valid even though “ Compliance still involved delivering 10 truck loads, approximately 50 tons, of files to the Antitrust Division. It was necessary to strengthen the floor of one wing of this building in order to store these documents. These files were retained by the Antitrust Division for nearly three years. During this time it was necessary for The Borden Company to make copies of many of these books and records in order that it might carry on its business.” (See, also, Matter of Gay Cottons v. Hogan, 34 A D 2d 917.) The demands of the subpoenas are for plainly relevant material, and therefore the subpoenas are not overbroad.
The motion to quash the subpoenas is denied; the cross motion to compel compliance is granted in all respects.