■ MYRA BLOTCHER et al., Respondents, v THE UPJOHN COMPANY, Appellant, et al., Defendant.—Order, Supreme Court, New York County, entered May 6, 1976, denying defendant's motion to strike interrogatories, reversed, on the law and the facts and in the exercise of discretion, and the motion granted, with leave to the plaintiff to propound proper interrogatories if so advised. Appellant shall recover of respondents $40 costs and disbursements of this appeal. In this suit brought to recover damages for personal injuries to the plaintiff, arising from the use of a drug known as Depo-Provera, and alleging, *inter alia,* a cause of action for breach of warranty, the plaintiff served the defendant Upjohn with 82 written interrogatories, many of which are further subdivided. The defendant applied at Special Term, pursuant to CPLR 3133, to strike the interrogatories which motion was denied. We would reverse. The interrogatories submitted are unduly broad and oppressive. They demand massive amounts of information, call for opinions and interpretations to be made by the defendant, and seek material irrelevant to the causes of action alleged. We note also that the defendant's offer to make available to the plaintiff the "New Drug Application," filed by Upjohn with the Food and Drug Administration, has been repeatedly rejected by the plaintiff. These multiple volumes contain much of the material sought by plaintiff. In view of the oppressive nature of the interrogatories submitted, we have vacated the entire demand rather than attempt to cull out those items which may properly have been requested (*Woodmere Academy v Steinberg,* 51 AD2d 514; *Heimowitz v*

*Handler, Kleiman, Sukenik & Segal,* 51 AD2d 702, 703). This vacatur is without prejudice to plaintiff's propounding further interrogatories if counsel is so advised. Concur—Stevens, P. J., Markewich, Birns and Lane, JJ.; Kupferman, J., dissents and would affirm on the opinion of Kirschenbaum, J., at Special Term.