■   STEVEN MACK, JR., et al., Respondents, v AMERICAN HANDLING EQUIPMENT, INC., et al., Respondents, and FISHER GOVERNOR CO., INC., Appellant.—In an action to recover damages for personal injuries, etc., based upon an industrial accident, defendant Fisher Governor Co., Inc., appeals from an order of the Supreme Court, Kings County, dated July 11, 1978, which denied its motion for summary judgment. Order reversed, on the law, with one bill of $50 costs and disbursements payable jointly by respondents appearing separately and filing separate briefs, and motion for summary judgment granted. In their complaint, plaintiffs allege that defendant Fisher Governor Co., Inc., manufactured the valves used in the propane gas cylinders that allegedly caused the accident and consequent injuries. Upon its motion for summary judgment, appellant, Fisher Governor, adduced proof that its valves were not used in the manufacture of the subject propane gas cylinders and that defendant Conservative Gas Co., Inc., had not changed the valves during the 10-month period that followed Conservative's purchase of the cylinders from the manufacturer. Plaintiffs contend, nonetheless, that summary judgment should be denied because the possibility exists that a customer of Conservative may have changed the valves. This unsubstantiated possibility constituted mere speculation and was insufficient to defeat the motion. "It is incumbent upon a [party] who opposes a motion for summary judgment to assemble, lay bare and reveal his proofs, in order to show that the matters set up in his [pleading] are real and are capable of being established upon a trial" (Di Sabato v Soffes, 9 AD2d 297, 301). Plaintiffs failed to adduce any proof to establish that the valve on the cylinder in question was indeed manufactured by Fisher Governor. Accordingly, the motion for summary judgment should have been granted. Hopkins, J. P., Damiani, Rabin and Mangano, JJ., concur.