■ FRANK VANCEK et al., Appellants, v INTERNATIONAL DYNETICS CORPORATION, Respondent. — Order, Supreme Court, New York County, entered June 2, 1980, which granted plaintiffs' motion for a protective order only to the extent of limiting certain interrogatories to a 5- and 10-year period prior to accrual of the cause of action, unanimously modified, on the law and the facts and in the exercise of discretion, and motion granted, with costs to appellant, to the extent of vacating all of the interrogatories, with leave to defendant to propound proper interrogatories if so advised. In this action to recover damages for personal injuries to plaintiff Frank Vancek and for loss of consortium by his wife, plaintiffs' causes of action sound in negligence and breach of implied warranty. The injuries were allegedly sustained in the operation of a refuse compactor machine manufactured and serviced by defendant. Defendant served written interrogatories consisting of 70 questions with numerous subparts, set forth in 16 pages of the printed record. Plaintiffs' motion to strike the interrogatories was granted only to the extent of limiting certain interrogatories to a 5- and 10-year period prior to accrual of the cause of action. We would modify to the extent of granting the motion. The interrogatories submitted are unduly broad and oppressive. They demand extensive amounts of irrelevant information, call for opinions and interpretations, and seek material not only irrelevant to the

causes of action alleged but also information which cannot conceivably lead to relevant evidence. The information sought is not shown to be material and necessary to the defense of the action (CPLR 3101, subd [a]). For example: Item No. 2 seeks the plaintiffs' residence addresses for the last 15 years. Item Nos. 3, 4 and 5 seek information concerning any prior marriages, and if any, their duration and when, where and how terminated and the name and address of the ex-spouse. Item No. 7 seeks the names, addresses and occupations of all persons who have resided in the same residence with plaintiff during the past year. Item No. 8 seeks the entire educational history of the injured plaintiff. Item Nos. 9 and 10 seek a 10-year employment history together with earnings, duties and job titles, etc. Our reference to these specific items is not to be taken as an approval of the balance of the interrogatories. Many other items are similarly improper. Moreover, even as to those items which might be proper, the time period for which the information is sought is far beyond what is warranted. The suggestion by the defendant's attorneys that it is the duty of the plaintiffs' attorneys to note objections to the interrogatories complained of misconceives the duty of counsel. The responsibility of an attorney who serves interrogatories is to make a bona fide effort to conform to the well-settled rules and not to attempt to shift the burden by serving interrogatories that are unduly broad, patently oppressive and inappropriate. In such circumstances the court will not undertake the responsibility of pruning the interrogatories. Accordingly, we have vacated the entire demand rather than attempt to cull out those items which may have been properly requested *(Blotcher v Upjohn Co.,* 54 AD2d 851; *Heimowitz v Handler, Kleiman, Sukenik & Segal,* 51 AD2d 702, 703). This vacatur is without prejudice to defendant propounding further appropriate interrogatories, if so advised. Concur — Birns, J. P., Fein, Sullivan, Lupiano and Bloom, JJ.