■ MARY ALBA, Individually and as Administratrix of the Estate of MICHAEL ALBA, Deceased, Respondent, v FORD MOTOR COMPANY, Appellant and Third-Party Plaintiff-Appellant, et al., Third-Party Defendant. — Order, Supreme Court, New York County (Alfred Ascione, J.), entered March 13, 1984, which granted the motion of the defendant and third-party plaintiff Ford Motor Company (Ford) for renewal and reargument and, upon reargument and renewal, *inter alia,* adhered to that part of the prior order, entered October 24, 1983, that denied Ford's motion to strike the plaintiff's second set of interrogatories, is unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of granting Ford's motion to strike interrogatories 5 through 14, and otherwise affirmed, without costs.

On May 12, 1978, as Michael Alba (Mr. Alba) was operating a 1974 Ford tractor model 2110, for the purpose of mowing grass in the vicinity of 125th Street and Riverside Drive, he was allegedly thrown from the driver's seat of that vehicle and fatally injured. The subject tractor was owned by the City of New York (City). Thereafter, Mr. Alba's wife, who is the plaintiff, commenced action, as administratrix and individually, against the Ford Motor Company (Ford), to recover damages for Mr. Alba's death and for her loss of consortium. Besides serving an answer, defendant commenced a third-party action against the City.

The complaint of the plaintiff sounds in negligence, breach of warranty and strict products liability. After the completion of her depositions of defendant Ford's representatives, plaintiff served a second set of interrogatories, which, in interrogatories 5 through 14, require Ford to, in substance, state: (a) whether prior to 1974, it had sold any tractors in Norway, Denmark, Sweden, West Germany and New Zealand; (b) specify: (1) the

years that such tractors were sold in those foreign countries, and, (2) the type, model and quantity sold; and, (c) whether defendant Ford was aware of the insurance requirements and governmental standards in these five countries concerning the placement on tractors of certain devices to protect the driver. In response, defendant Ford moved to strike, among other interrogatories, numbers 5 through 14. Special Term denied that relief.

We disagree.

Our examination of the record leads us to conclude that interrogatories 5, 7, 9, 11 and 13, which seek information about *any* tractors sold by defendant in the foreign countries, mentioned *supra,* are irrelevant, overly broad and burdensome since that information has nothing to do with "the central issue in dispute" (*Bertocci v Fiat Motors,* 76 AD2d 779, 780 [1st Dept]). Here, plaintiff seeks considerably more information than in *Bertocci (supra; see also, Vancek v International Dynetics Corp.,* 78 AD2d 842 [1st Dept]).

Furthermore, we find that interrogatories 6, 8, 10, 12 and 14, which seek information about defendant's knowledge of insurance requirements and governmental standards in these five foreign countries for the placement of safety devices on tractors, are also irrelevant, overly broad and burdensome. The plaintiff must prove that the subject tractor, as manufactured, was not reasonably safe for use (*see, Cover v Cohen,* 61 NY2d 261; *Goldberg v Kollsman Instrument Corp.,* 12 NY2d 432), and her claim for breach of warranty merely requires a showing by plaintiff that her decedent could be reasonably expected to use or be affected by the allegedly defective product (*Goldberg v Kollsman Instrument Corp., supra*). Concur — Kupferman, J. P., Ross, Asch and Fein, JJ.