■ ROBERT P. KRICH, Plaintiff, v WALL INDUSTRIES, INC., Defendant and Third-Party Plaintiff-Respondent. DU PONT DE NEMOURS E. I. AND COMPANY, Third-Party Defendant-Appellant, et al., Third-Party Defendant.—In an action to recover damages for personal injuries, the third-party defendant E. I. Du Pont de Nemours & Company, sued herein as Du Pont De Nemours E. I. and Company, appeals from an order of the Supreme Court, Nassau County (Velsor, J.), entered May 20, 1985, which denied its motion for summary judgment dismissing the third-party action insofar as it is asserted against it.

Order reversed, on the law, with costs, motion granted, and third-party action dismissed insofar as it is asserted against the appellant.

An examination of the defendant third-party plaintiff's affirmation in opposition to the appellant's motion for summary judgment reveals no triable issue of fact. It is of special interest to this court that in that affirmation in opposition it is admitted that "Defendant, third-party plaintiff, Wall Industries, Inc. has recently discovered that the filaments used to manufacture the subject rope may not have been manufactured by third-party defendant, DuPont and said third party defendant may therefore be an improper party to this action". An "unsubstantiated possibility [constituting] mere specula-

tion [is] insufficient to defeat" a motion for summary judgment *(Mack v American Handling Equip.,* 69 AD2d 853). Therefore, Special Term should have granted the motion.

Although Special Term did not specifically determine whether the defendant third-party plaintiff had complied with its order entered December 10, 1984, to fully respond to the appellant's interrogatories and notice for discovery and inspection, this court's scope of review in a discretionary matter is co-extensive with that of Special Term *(Majauskas v Majauskas,* 61 NY2d 481, 493-494), and we may exercise our discretion independently *(Broida v Bancroft,* 103 AD2d 88). We find, on the facts in this record, that the defendant third-party plaintiff fully complied with that order of Special Term. Therefore, the appellant's argument that the third-party action should have been dismissed insofar as it is asserted against it as a sanction for failure to comply is without merit. Thompson, J. P., Bracken, Weinstein and Eiber, JJ., concur.