■ PEOPLE'S NATIONAL BANK OF ROCKLAND COUNTY, Respondent, v ARKADY KOGAN, Also Known as ALEX KOGAN, Appellant.—In an action to recover upon a promissory note, the defendant appeals from a judgment of the Supreme Court, Rockland County (Coppola, J.), dated November 13, 1984, which granted the plaintiff's motion for summary judgment in lieu of complaint.

Judgment affirmed, with costs.

The plaintiff produced unrebutted proof of a loan at 15% interest, evidenced by a promissory note, and of a default by the defendant sufficient to grant summary judgment. The defendant's sole defense to the motion is an unsubstantiated assertion in an affidavit that the loan transaction was a guise for a usurious loan. The defendant asserts that he only received $63,000 of the $70,000 loan proceeds, and that $7,000 was paid to an "Old Brook Realty", an entity unknown to the defendant, as interest. The defendant annexed checks purportedly evidencing this fact.

A review of the record and the exhibits reveals that this action is based upon promissory note No. 4829 evincing a loan for $70,000, and that a check in that amount was issued to the defendant with reference to that promissory note. The defendant's claims with regard to another $70,000 loan in which the proceeds were divided into separate checks of $63,000 payable to the defendant and $7,000 payable to the "Old

Brook Realty", although related to a financial relationship between the parties, deal with an entirely different loan transaction.

A party opposing a motion for summary judgment must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact *(Zuckerman v City of New York,* 49 NY2d 557). A party asserting the defense of usury must establish it by " ' "clear evidence as to all the elements essential thereto" ' " *(Inter-City Investor Corp. v Kessler,* 56 AD2d 645). "The court will not assume that the parties entered into an unlawful agreement * * * On the contrary when the terms of the agreement are in issue, and the evidence is conflicting, the lender is entitled to a presumption that he did not make a loan at a usurious rate" *(Giventer v Arnow,* 37 NY2d 305, 309; *see also, Freitas v Geddes Sav. & Loan Assn.,* 63 NY2d 254).

In the instant case, the defendant has offered no evidence supporting his contention that this was a usurious loan, except his unsubstantiated contention that payment of $7,000 to "Old Brook Realty" was, in reality, a subterfuge covering up an additional interest payment to the plaintiff. Even assuming that the loan which is the subject of this lawsuit involves the $7,000 check to "Old Brook Realty", the promissory note speaks for itself and is not usurious on its face. The bald and unsubstantiated allegations that the check issued to "Old Brook Realty" formed part of a subterfuge to exact $7,000 in interest is insufficient to create a triable issue of fact. Although the supporting checks were annexed, the defendant did not tie in "Old Brook Realty" as an agent of the plaintiff or indicate in any way that this money was, in any manner, related to the plaintiff. In any event, as previously noted the $7,000 check was issued as part of a separate loan transaction, which is not the subject of this lawsuit.

The defendant offers "[a]n 'unsubstantiated possibility [constituting] mere speculation [which is] insufficient to defeat' a motion for summary judgment" *(Krich v Wall Indus.,* 118 AD2d 627, 628; *see also, Chase Manhattan Bank v Kahn,* 66 AD2d 704). Mangano, J. P., Gibbons, Weinstein, Eiber and Spatt, JJ., concur.