■ MICHAEL WYDA, Respondent, v MAKITA ELECTRIC WORKS, LTD., Appellant, et al., Defendant. (And a Third-Party Action.) —Order of the Supreme Court, Westchester County (Gordon W. Burrows, J.), entered June 27, 1989, which denied defendant's motion pursuant to CPLR 3133 to strike plaintiff's interrogatories, unanimously reversed, on the law and the facts and in the exercise of discretion, and the motion granted, without costs.

Plaintiff commenced this action alleging that the negligent design of defendant's power saw caused permanent injury to his left hand. He asserts that the blade guard jammed in a retracted position and that he sustained injury when the saw bound and kicked back over his hand. Defendant interposed an answer denying virtually every allegation of the complaint which was accompanied by 23 interrogatories requesting details of the claim. Plaintiff thereupon served defendant with an undated set of interrogatories comprised of 100 questions, with 175 subdivisions, extending to 18 pages.

Supreme Court is vested with broad discretion to supervise disclosure *(Nitz v Prudential-Bache Sec.,* 102 AD2d 914, 915). The same discretion extends to the Appellate Division *(Phoenix Mut. Life Ins. Co. v Conway,* 11 NY2d 367, 370; *Krich v Wall Indus.,* 118 AD2d 627, 628). It is clear that many of plaintiff's interrogatories bear only remotely on the issues raised by this litigation. Such items as a list of all distributors of the product, all factory service centers, a detailed description of the product manufacturing process and information regarding design, construction, patents, development, marketing and sale of "similar products" are of little relevance *(see, Alba v Ford Motor Co.,* 111 AD2d 68, 69). Taken as a whole, the interrogatories are patently overbroad and burdensome and should be stricken *(Dykowski v New York City Tr. Auth.,* 124 AD2d 465; *Metzger v Brockman,* 92 AD2d 499, 500). It is counsel's obligation to propound a properly formulated set of interrogatories *(Vancek v International Dynetics Corp.,* 78 AD2d 842) and not the court's obligation to attempt to prune improper or burdensome questions *(Bohlen Capital Holdings v Standard Coal Co.,* 90 AD2d 476).

By serving an answer consisting of rote and general denials, defendant can hardly be said to have assisted the court to define the issues presented. In an era of increasingly taxed judicial resources, such tactics hinder the efficient administra-

tion of justice and conflict with the purpose of disclosure "to advance the function of a trial to ascertain truth and to accelerate the disposition of suits" *(Rios v Donovan,* 21 AD2d 409, 411). However, the impediment of judicial economy is compounded by sustaining interrogatories which reflect a similar disinclination to delineate the substantive issues *(see, e.g., Metzger v Brockman,* 92 AD2d 499, 500, *supra).* We note further that plaintiff's characterization of the issue notwithstanding, no abuse of discretion need be demonstrated to justify a reversal of the order under review *(Phoenix Mut. Life Ins. Co. v Conway,* 11 NY2d 367, 370, *supra).* Concur—Ross, J. P., Milonas, Kassal, Wallach and Rubin, JJ.