■ Susan L. Riggi, Respondent, v Vincent T. Riggi, Jr., et al., Appellants.—Weiss, J. Appeals from two orders of the Supreme Court (Brown, J.), entered January 8, 1991 in Saratoga County, which denied motions by defendant and various nonparty witnesses to vacate subpoenas duces tecum served upon them.

These appeals arise from two separate orders which denied motions to quash judicial subpoenas duces tecum served by plaintiff upon defendant and, among others, Ronald Riggi, defendants' brother who is also his accountant and employee. The subpoenas required production at trial of extensive books and records of 15 business entities in which defendant allegedly has an ownership interest.

This is a divorce action in which plaintiff seeks an award of an interest in the marital assets, child support and maintenance. Plaintiff is entitled to establish the existence and value of marital property, her interest in those assets and to develop the parties' true financial condition *(see, Bizzarro v Bizzarro,* 106 AD2d 690, 692; *see also, Del Gado v Del Gado,* 129 AD2d 426, 428; *Gredel v Gredel,* 128 AD2d 834, *lv dismissed* 70 NY2d 693). Defendant's deposition testimony shows that he is the sole owner of several large commercial properties, vacant land and two prominent restaurants. He further stated that

he is a shareholder in several domestic and off-shore corporations, and a partner in business ventures and real property. By his own admission all records pertaining to his assets are in the possession of Riggi, Nicholas Amodio or Daniel Ertel, who were also served with subpoenas duces tecum. Defendant's six-figure income is derived from these business entities.

We first note that the validity of subpoenas turns on the relevancy of the material sought to the subject matter and it is " '[o]nly where the futility of the process to uncover anything legitimate is inevitable or obvious' " that a halt to that process must be made *(Anheuser-Busch, Inc. v Abrams,* 71 NY2d 327, 331-332, quoting *Matter of Edge Ho Holding Corp.,* 256 NY 374, 382). A subpoena is not rendered invalid merely because it requires production of a substantial number of documents and " 'relevancy, and not quantity, is the test of the validity of a subpoena' " *(Matter of American Dental Coop. v Attorney-General of State of N. Y.,* 127 AD2d 274, 282-283, quoting *Matter of Minuteman Research v Lefkowitz,* 69 Misc 2d 330, 331). All that is required is that a reasonable relation to the subject matter under investigation be demonstrated *(Ayubo v Eastman Kodak Co.,* 158 AD2d 641, 642). Obviously, many of the records sought in the subpoenas are relevant and required to prove values and income.

Instead, however, of encumbering our increasingly taxed judicial resources and the efficient administration of justice with voluminous unreviewed documents, and in light of the unusual circumstances surrounding the maintenance of defendant's records and the unfulfilled promises made by defendant and his attorneys to produce the documents demanded, this court, in the exercise of its discretion *(see, Phoenix Mut. Life Ins. Co. v Conway,* 11 NY2d 367, 370; *Wyda v Makita Elec. Works,* 162 AD2d 133; *see also, Boisvert v Town of Grafton,* 131 AD2d 910, 911), will stay the trial and order that discovery be reopened. The subpoenas duces tecum served will be converted for use in the court-directed disclosure, but modified to delete from the items to be produced "accounts receivable, accounts payable, customer lists, contracts, agreements, depreciation and amortization schedules and/or other information and documentation of any type or nature pertaining to the acquisition, operation, funding * * * and/or other financial circumstances of any type or nature". All the remaining items requested are found to be relevant to prove the value of and defendant's interest in the assets named and are to be produced for plaintiff's discovery and inspection under general

supervision of Supreme Court *(see, Citizens Fid. Bank & Trust Co. v Coulston Intl. Corp.,* 160 AD2d 1110).

Mahoney, P. J., Casey, Mercure and Crew III, JJ., concur. Ordered that the orders are modified, as a matter of discretion in the interest of justice, without costs, by directing that the trial of this action be stayed and ordering that discovery proceedings be reopened; subpoenas duces tecum issued for trial are modified by deleting therefrom "accounts receivable, accounts payable, customer lists, contracts, agreements, depreciation and amortization schedules and/or other information and documentation of any type or nature pertaining to the acquisition, operation, funding * * * and/or other financial circumstances of any type or nature", and said subpoenas duces tecum as modified are converted into court-directed discovery and inspection under the supervision of Supreme Court; and, as so modified, affirmed.