■ JOSEPH CALABRESE, Respondent, v PHF LIFE INSURANCE COMPANY, Appellant. JOSEPH CALABRESE, Respondent, v PROVIDENT MUTUAL ACCIDENT & LIFE INSURANCE COMPANY, Appellant.—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Defendants appeal from an order of Supreme Court insofar as it granted plaintiff's motion to quash subpoenas duces tecum issued by defendants that required plaintiff to produce at trial certain financial and income tax records, documents relating to his disability insurance policies, and business and office records relating to his medical practice.

The order of Supreme Court must be modified to deny plaintiff's motion except as hereafter stated. We cannot conclude that the requested information is "utterly irrelevant to any proper inquiry" involved in this litigation *(Matter of Dairymen's League Co-op. Assn. v Murtagh,* 274 App Div 591, 595, *affd* 299 NY 634; *see also, Riggi v Riggi,* 177 AD2d 788, 789; *Ayubo v Eastman Kodak Co.,* 158 AD2d 641, 642). The subpoenas, however, are overly broad to the extent that defendants' request number 8 seeks documents and materials

for the years 1984 to the present. Plaintiff's alleged injury occurred on December 10, 1986. Thus, we limit plaintiff's production of documents and materials pursuant to that request to the period December 10, 1986 to the present.

Finally, defendants concede that the production of patient records must be made in redacted form to insure that the doctor-patient privilege *(see,* CPLR 4504) is not violated. Therefore, any patient records are to be produced in redacted form by deleting the patients' names and addresses and any other identifying information to comport with the doctor-patient privilege afforded by CPLR 4504. (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Quash Subpoenas.) Present—Pine, J. P., Balio, Davis and Doerr, JJ.