■ EDITH M. CHAMBERLIN, Individually and as Personal Representative and Executrix of RICHARD H. CHAMBERLIN, Deceased, Appellant, v SAMARITAN MEDICAL CENTER et al., Respondents. [672 NYS2d 571] —Order unanimously reversed in the exercise of discretion without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiff commenced this action, alleg-

ing causes of action for medical malpractice and wrongful death. Plaintiff's decedent, who had been admitted to defendant Mercy Hospital Mental Health Center on January 31, 1994 for the purpose of entering an alcohol rehabilitation program, committed suicide on February 18, 1994 in his hospital room.

Plaintiff moved to compel discovery and for additional discovery in the form of depositions and document requests. Supreme Court denied that part of the motion seeking eight categories of documents relating to quality assurance materials and the deposition of individuals present at quality assurance meetings on the ground that the information is privileged under Education Law § 6527 (3) and therefore not subject to discovery.

In our view, plaintiff should have been given an opportunity to submit reply papers and present oral argument on the issues raised in opposition to her motion. The opposing affidavit was submitted one day prior to the deadline set by the court, and plaintiff had no opportunity to respond to it. The Appellate Division is vested with the same power as possessed by Supreme Court and may reverse in the exercise of discretion even though there has been no abuse of discretion by Supreme Court (*Phoenix Mut. Life Ins. Co. v Conway*, 11 NY2d 367, 370). Thus, we reverse the order and remit the matter to Supreme Court to allow oral argument and to enable all parties to submit additional papers on the issues. We are unable on this record to reach plaintiff's remaining arguments on the issue whether the requested documents and information are privileged under Education Law § 6527 (3). (Appeal from Order of Supreme Court, Jefferson County, Gilbert, J.—Discovery.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.