■ In the Matter of MARGARET J. BENNETT, Appellant, v R. MELE et al., Respondents. [744 NYS2d 884] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated April 23, 2001, which denied the application.

Ordered that the order is reversed, as a matter of discretion, with costs, the application is granted, and the notice of claim is deemed served.

Whether leave to serve a late notice of claim should be granted pursuant to General Municipal Law § 50-e (5) is a matter of discretion. This Court is "vested with the same power and discretion" that the Supreme Court possesses (*Phoenix Mut. Life Ins. Co. v Conway*, 11 NY2d 367, 370; *see also Matter of Attorney-General of State of N.Y. v Katz*, 55 NY2d 1015; *O'Brien v Vassar Bros. Hosp.*, 207 AD2d 169, 171; *Wyda v Makita Elec. Works*, 162 AD2d 133).

In this case, the prescribed 90-day period expired on February 16, 2001, and the motion seeking leave to serve a late no-

tice of claim was presented to the Supreme Court on February 27, 2001, a mere 11 days later. There is no basis to presume that the ability of the City of New York to investigate the claim diminished in any way during that scant 11-day period, and hence, there is no basis upon which to conclude that this short delay resulted in substantial prejudice. Under these circumstances, as a matter of discretion, the application should have been granted (*see Ahferom v Dormitory Auth. of State of N.Y.*, 282 AD2d 343; *Weiss v City of New York*, 237 AD2d 212; *Matter of Thornhill v New York City Hous. Auth.*, 232 AD2d 317; *Matter of Isakov v City of New York*, 221 AD2d 531; *Matter of Rivas v New York City Hous. Auth.*, 188 AD2d 390). Ritter, J.P., Altman, Smith and Goldstein, JJ., concur.