| |
|---|
| **Smith v City of New York** |
| 2024 NY Slip Op 34385(U) |
| December 16, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 154064/2020 |
| Judge: Adam Silvera |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. ADAM SILVERA** | **PART** | **01M** |
| | *Justice* | | |

----------------------------------------------------------------X

ELIJAH SMITH,

                    Plaintiff,

                 - v -

CITY OF NEW YORK, BOARD OF EDUCATION OF THE
CITY OF NEW YORK, DEPARTMENT OF EDUCATION OF
THE CITY OF NEW YORK

                    Defendant.

----------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 154064/2020 |
| **MOTION DATE** | 06/03/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 68, 69

were read on this motion to/for         QUASH SUBPOENA, FIX CONDITIONS    .

Upon the foregoing documents and for the reasons set forth below, the Court denies the

motion by the defendants, the City of New York and the Board/Department of Education of the

City of New York ("Defendants"), to quash two subpoenas duces tecum served by the plaintiff,

Elijah Smith ("Plaintiff"); grants Plaintiff's cross-motion to compel Defendants to comply with

the two subpoenas or, alternatively, to compel Defendants to provide a *Jackson* affidavit; denies

Plaintiff's cross-motion to strike Defendants' answer; and denies without prejudice to renew

Plaintiff's cross-motion to compel the depositions of four witnesses.

I.    <u>Defendants' Motion to Quash Subpoenas & Plaintiff's Related Cross-Motion</u>

Defendants' motion to quash Plaintiff's two subpoenas is denied because Defendants

have not shown that the subpoenas are futile or improper. As such, Plaintiff's cross-motion to

compel Defendants to comply with the subpoenas or, alternatively, to compel Defendants to

provide a *Jackson* affidavit is granted.

**154064/2020 SMITH, ELIJAH vs. CITY OF NEW YORK**
**Motion No. 001**

Page 1 of 7

[* 1]

Courts apply a two-step, burden-shifting framework to a motion to quash a subpoena. *See Matter of Kapon v Koch*, 23 NY3d 32, 34, 38-39 (2014). The party moving to quash the subpoena must first show that "'the futility of the process to uncover anything legitimate is inevitable or obvious'" or that "the information sought is 'utterly irrelevant to any proper inquiry.'" *Id.* at 38, quoting *Anheuser-Busch, Inc. v Abrams*, 71 NY2d 327, 331-332 (1988). If and only if the movant meets this initial burden, "the subpoenaing party must then establish that the discovery sought is 'material and necessary' to the prosecution or defense of an action, i.e., that it is relevant." *Id.* at 34, 38-39.

Here, Defendants have not shown that Plaintiff's subpoenas are futile or improper. Defendants claim that Plaintiff's subpoenas are futile because Defendants have provided all authorized, relevant documents. *See* Reply Affirmation in Support, dated June 20, 2024, ¶ 14; *see also* Affirmation in Support, dated June 3, 2024 ("OSC") ¶¶ 7, 10. But the evidence in the record belies Defendants' claim for two reasons. First, Defendants have ignored, among other things, Plaintiff's request for Department of Education ("DOE") training and response manuals to deal with bullying, fighting, and gang activity.[1] *Compare* OSC, Exh. C, Plaintiff's so-ordered subpoenas, dated May 15, 2024 ("Plaintiff's So-Ordered Subpoenas") *with* OSC, Exh. D, Response to Supplemental Demands, dated December 22, 2023.

Second, Defendants' reliance on the Buckley Amendment (20 USC § 1232g), to argue that they are not authorized to provide certain subpoenaed information relating to Plaintiff's alleged assailants, is misplaced. *See* OSC ¶¶ 7, 10-12. As relevant, the Buckley Amendment prevents the DOE from "releasing[] ... personally identifiable information ['PII'] in education

---

[1] It would be incredible to believe that these manuals do not exist. If this is Defendants' position, Defendants must provide a *Jackson* affidavit, indicating that their search for records has "been a thorough one or ... ha[s] been conducted in a good faith effort to provide the[] necessary records to [P]laintiff." *Jackson v City of New York*, 185 AD2d 768, 770 (1st Dep't 1992).

**154064/2020  SMITH, ELIJAH vs. CITY OF NEW YORK**
**Motion No. 001**

Page 2 of 7

2 of 7

records other than directory information, ... *unless[] ... such information is furnished in compliance with ... any lawfully issued subpoena,* upon condition that parents and the students are notified of all such ... subpoenas in advance of ... compliance." 20 USC § 1232g(b)(2)(B) (emphasis added). In this case, Plaintiff has a lawfully issued subpoena for the requested information. *See* Plaintiff's So-Ordered Subpoenas at 1-7. Thus, the Buckley Amendment does not bar release of information so long as Defendants notify Plaintiff's alleged assailants and their parents of the subpoenas before releasing any information.[2] Thus, Defendants have not shown that Plaintiff's subpoenas are futile.

Likewise, Defendants have not shown that Plaintiff's subpoenas are improper. It is true, as Defendants argue, that, "[g]enerally, a subpoena duces tecum may not be used for the purpose of discovery or to ascertain the existence of evidence." *Matter of Terry D.,* 81 NY2d 1042, 1044 (1993); *see also* OSC ¶ 6 (arguing that Plaintiff should seek the subpoenaed information in "the normal course of discovery"). Even so, Plaintiff's subpoenas are proper because they seek "to compel the production of specific documents that are relevant and material to facts at issue in" this case. *Id.* at 1044, quoting *Matter of Constantine v Leto,* 157 AD2d 376, 378 (3d Dep't 1990) (internal quotation marks omitted). Broadly, Plaintiff requests Defendants' documentation of various incidents leading up to the attack on Plaintiff on April 5, 2019, as well as DOE training and response manuals to deal with such incidents generally. *See generally* Plaintiff's So-Ordered Subpoenas. Such information speaks to Defendants' notice, negligence, and role in causing Plaintiff's injuries. *See* Affirmation in Opposition to Motion to Quash and in Support of

---

[2] In addition, Defendants argue that the case scheduling order requires motion practice for the release of other students' PII. *See* OSC ¶ 13. That is not what the scheduling order says. The scheduling order requires motion practice in DOE cases, as here, if the "[e]xtent and nature of the redaction" of certain "privileged information" is "questioned." *See* Case Scheduling Order, filed Sept. 29, 2022, at 4. Defendants' argument presumes three things: (1) that PII has been released, (2) that portions of the released PII have been redacted; and (3) that the redactions are being questioned. None is true here. As such, Defendants' argument is misplaced.

**154064/2020  SMITH, ELIJAH vs. CITY OF NEW YORK**
**Motion No.  001**

Page 3 of 7

Plaintiff's Cross-Motion to Enforce Subpoenas, Compel Discovery and/or Strike Defendant's

[sic] Answer ("Opposition") ¶¶ 25, 39, 42-43, 46-47.

Thus, since Defendants have failed to show the "futility" or "utter[] irrelevan[ce] to any

proper inquiry" of Plaintiff's subpoenas, *Matter of Kapon*, 23 NY3d at 38, quoting *Abrams*, 71

NY2d at 331-332 (internal quotation marks omitted), Defendants' motion to quash Plaintiff's

subpoenas must be denied.[3] Within 30 days of this decision and order, Plaintiff shall serve

Defendants with a list of outstanding subpoenaed requests. Within 90 days of receiving

Plaintiff's list, Defendants shall provide Plaintiff with the requested records or, if Defendants

claim that they do not have such records, with a *Jackson* affidavit as to those records. Failure to

comply with this Court order may result in the striking of Defendants' answer.

II.     Plaintiff's Cross-Motion to Strike Defendants' Answer

Plaintiff's cross-motion to strike Defendants' answer is denied as Defendants' behavior

does not rise to the extraordinary level required to strike pleadings.

A court may penalize any party who "wilfully fails to disclose information which the

court finds ought to have been disclosed," including by striking the party's pleadings. *See*

CPLR § 3126(3). But striking a party's pleadings, including a defendant's answer, is a "drastic

---

[3]     Even if Defendants had made a facial showing of futility or impropriety or irrelevance, the Court would still deny Defendants' motion to quash the subpoenas, as Plaintiff would have satisfied his shifted burden under *Matter of Kapon* to show that the subpoenas seek relevant information. That is because the subpoenaed information would "assist preparation for trial by sharpening the issues" of Defendants' notice, negligence, and role in causing Plaintiff's injuries. *Id.*, quoting *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 (1968) (internal quotation marks omitted).

Defendants counter that "Plaintiff's request for 'any and all records' is clearly vague and overbroad" (and thus, seemingly, that the request is irrelevant). *See* OSC ¶ 8. But use of the language "any and all," like "[u]se of the language 'including but not limited to,' ... does not render the subpoena overbroad [if] the request for information is reasonably precise." *Kozel v Kozel*, 145 AD3d 530, 531 (1st Dep't 2016). Further, a "subpoena is not rendered invalid merely because it requires production of a substantial number of documents." *Am. Dental Co-op., Inc. v Attorney Gen. of State of N.Y.*, 127 AD2d 274, 282-283 (1st Dep't 1987). The "[r]elevancy, ... not [the] quantity," of the documents requested "is the test of the validity of a subpoena." *Id.* at 283, quoting *Minuteman Research, Inc. v Lefkowitz*, 69 Misc 2d 330, 331 (Sup Ct, NY County 1972) (internal quotation marks omitted). Plaintiff's requests— for specific records from specific entities, relating to specific individuals or specific policies, within specific time frames—are reasonably precise and relevant, even if voluminous. *See, e.g.*, Plaintiff's So-Ordered Subpoenas at 1-6.

**154064/2020   SMITH, ELIJAH vs. CITY OF NEW YORK**
**Motion No. 001**

Page 4 of 7

remedy." *Harry Winston, Inc. v Eclipse Jewelry, Corp.*, 215 AD3d 421, 423 (1st Dep't 2023); *see also CEMD El. Corp. v Metrotech LLC I*, 141 AD3d 451, 453 (1st Dep't 2016) ("Striking a party's pleadings is a drastic sanction[] ... ."). Striking is appropriate "only upon a clear showing that the party's conduct was willful and contumacious," *CEMD El. Corp.*, 141 AD3d at 453, and "in bad faith" and without "a reasonable excuse." *Crooke v Bonofacio*, 147 AD3d 510, 510 (1st Dep't 2017).

Here, Plaintiff argues that Defendants have not provided a reasonable excuse for their months-long discovery delay. *See* Opposition ¶ 52. Plaintiff does not allege, however, that Defendants' behavior is contumacious or in bad faith. *See id.* And the Court does not find that Defendants' behavior rises to such levels, as would be needed to warrant the drastic remedy of striking their answer. Thus, Plaintiff's cross-motion to strike Defendants' answer must be denied.

III.  Plaintiff's Cross-Motion to Compel the Depositions of Four Witnesses

Plaintiff's cross-motion to compel the depositions of four witnesses is denied without prejudice to renew in Part 5, before the Honorable Hasa Kingo, the judge presiding over the instant action.

To depose a witness who is a non-party or the representative of a party, the party seeking the deposition must first subpoena the witness. *See* CPLR § 3106(b). Then, if the subpoenaed party "fails to ... comply with" the subpoena, "the party seeking [the deposition] may move to compel compliance." *Id.* § 3124.

Here, Plaintiff cross-moves to compel the depositions of four witnesses, "Dean Flores, Dean Walker, and Assistant Principal Rosado ... , as well as one 'A. Cabral,' who is identified in a report issued by Dean Flores." Opposition ¶¶ 18-19, 53-54. Plaintiff alleges that the witnesses have information that is important to this case. *Id.* That the four witnesses, all seemingly school

154064/2020  SMITH, ELIJAH vs. CITY OF NEW YORK
Motion No. 001

Page 5 of 7

5 of 7

officials, may have important information is not dispositive, however. What is dispositive is that Plaintiff has not shown, as a threshold matter, that he has subpoenaed the witnesses, as required under CPLR § 3106(b). *A fortiori*, Plaintiff has not shown that the witnesses have not complied with any subpoenas, so as to warrant a motion to compel compliance under CPLR § 3124. Without both showings, Plaintiff's cross-motion to compel the witnesses' depositions is premature. Thus, Plaintiff's cross-motion is denied without prejudice to renew in Part 5 before Judge Kingo, subject to Judge Kingo's Part Rules.

Accordingly, it is

ORDERED that Defendants' motion to quash Plaintiff's subpoenas is denied in its entirety; and it is further

ORDERED that Plaintiff's cross-motion to compel Defendants to comply with the two subpoenas or, alternatively, to compel Defendants to provide a *Jackson* affidavit is granted as detailed above; and it is further

ORDERED that Plaintiff's cross-motion to strike Defendants' answer is denied in its entirety; and it is further

ORDERED that Plaintiff's cross-motion to compel the depositions of four witnesses is denied without prejudice to renew before the Honorable Hasa Kingo in Part 5, subject to Judge Kingo's Part Rules; and it is further

ORDERED that within 30 days of entry Plaintiff shall serve all parties with a copy of this Decision/Order with notice of entry.

This constitutes the Decision/Order of the Court.

**154064/2020 SMITH, ELIJAH vs. CITY OF NEW YORK**
**Motion No. 001**

Page 6 of 7

_____12/16/2024_____
DATE

ADAM SILVERA, J.S.C.

CHECK ONE:

| | CASE DISPOSED | X | NON-FINAL DISPOSITION |
|---|---|---|---|
| | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |

APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER

CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE

**154064/2020   SMITH, ELIJAH vs. CITY OF NEW YORK**
**Motion No.  001**

Page 7 of 7

[* 7]